# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| In re:<br><br>**FT. HOWARD DEVELOPMENT, LLC,**<br><br>Alleged Debtor. | **Case No. 18-18061 (WIL)**<br><br>**Chapter 11 (Involuntary)** |

**RECEIVER'S NOTICE OF DEPOSITION**
**OF RONALD J. DRESCHER**

PLEASE TAKE NOTICE that commencing November 1, 2018 at 11:00 a.m., or such other date and time mutually agreed upon by the parties, Gray and Associates, LLC, the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC, by and through its bankruptcy counsel, will take the oral deposition of the deponent listed below before a notary public or some other officer duly authorized to administer oaths, pursuant to and in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all other applicable provisions of the Federal Rules and the Bankruptcy Rules. The deposition will be recorded by stenographic means. If this deposition cannot be concluded by the end of the normal business day on the date it commences, it shall continue from day-to-day thereafter until completed unless counsel for the parties mutually agree to continue the deposition on another date.

DEPONENT:          Ronald J. Drescher

DATE:              **November 1, 2018**

TIME:              11:00 a.m.

LOCATION:          Whiteford Taylor & Preston LLP
                   Seven Saint Paul Street, <u>19th Floor</u>
                   Baltimore, Maryland 21202


Dated:  October 17, 2018                WHITEFORD TAYLOR & PRESTON LLP

                                        _____
                                        John F. Carlton (Bar No. 06591)
                                        Todd M. Brooks (Bar No. 28515)
                                        Seven Saint Paul Street, Suite 1500
                                        Baltimore, Maryland 21202
                                        Telephone:   (410) 347-9421
                                        E-mail:      jcarlton@wtplaw.com
                                                     tbrooks@wtplaw.com

                                        *Bankruptcy Counsel for Gray and Associates, LLC,*
                                        *the Receiver for Ft. Howard Development, LLC*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Ronald J. Drescher* was served by hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

> Ronald J. Drescher, Esq.
> Drescher & Associates, P.A.
> 4 Reservoir Circle, Suite 107
> Baltimore, Maryland 21208
> Rondrescher@drescherlaw.com

I HEREBY FURTHER CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Drescher & Associates, P.A.* was served by first-class mail, postage prepaid, on the following:

| | | |
|---|---|---|
| Carl S. Williams | Carl S. Williams | Carl S. Williams |
| 8700 Jericho City Drive | 9701 Apollo Drive, Suite 201 | 2724 Woodlake Road |
| Landover, Maryland 20785 | Largo, Maryland 20774 | Bowie, Maryland 20721 |

| | |
|---|---|
| D. Gregory Hollis | D. Gregory Hollis |
| 14112 Jones Bridge Rd. | 810 Bleak Hill Place |
| Upper Marlboro, Maryland 20774 | Upper Marlboro, Maryland 20774 |

Todd M. Brooks

10014117

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| **In re:** | **Case No. 18-18061 (WIL)** |
| **FT. HOWARD DEVELOPMENT, LLC,** | **Chapter 11 (Involuntary)** |
| **Alleged Debtor.** | |

## RECEIVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS
## BY RONALD J. DRESCHER

Gray and Associates, LLC (the "Receiver"), the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC ("Fort Howard"), by and through its bankruptcy counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests that Ronald J. Drescher produce the following documents within his possession, custody or control at the offices of Whiteford Taylor & Preston LLP, Attn: Todd M. Brooks, Seven Saint Paul Street, 15th Floor, Baltimore, Maryland 21202 **on or before 5:00 p.m. on Friday, November 16, 2018**, and in accordance with definitions and instructions set forth below.

## I.   DEFINITIONS

i.      "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

ii.     "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

iii.    "Communication" shall be construed as any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including but not limited to any conversation, correspondence, discussion, e-mail, meeting, memorandum, message, note or posting.

iv.     "Concerning" shall be construed as relating to, referring to, describing, evidencing, reflecting, or constituting.

v.      "Court" shall refer to the U.S. Bankruptcy Court for the District of Maryland.

vi.     "Document" shall be construed as all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) Your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

vii.    "Evidencing" shall be construed as constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

viii.   "Fees/Costs/Damages Motion" shall refer to the *State Court Receiver's Motion for Fees, Costs and Damages* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

ix.     "Financial Statement" means  any document prepared by You or at Your request reflecting Your financial condition, including without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and written representation by You to any creditor or person, firm or entity.

x.      "Fort Howard" shall refer to Ft. Howard Development, LLC.

xi.     "Hearing" shall refer to the hearing on the Motions and the Opposition, which is currently scheduled for November 28, 2018.

xii.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known home address, business address, and/or telephone number of each person.

xiii.   "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known address and telephone number of that person's headquarters or principal place of business.

xiv.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the request to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified in these requests but which relate or refer to such time or period are to be included in Your response.

xv.     "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, and the method(s) of communication.

xvi.    "Including," in all of its forms, means including without limitation.

xvii.   "Involuntary Bankruptcy Case" means that involuntary bankruptcy case styled *In re Ft. Howard Development, LLC*, No. 18-18061 (Bankr. D. Md. June 14, 2018) (Lipp, J.).

3

xviii.   "Memorandum" shall refer to the *State Court Receiver's Memorandum in Support of Its Motions for Fees, Costs, Damages and Sanctions* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xix.   "Motions" shall collectively refer to the Fees/Costs/Damages Motion, the Sanctions Motion and the Memorandum.

xx.   "Opposition" shall refer to the *Opposition by Petitioning Creditors to Motion for Sanctions and Damages* filed with the Court in the Involuntary Bankruptcy Case on September 14, 2018.

xxi.   "Person" shall be construed as an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

xxii.   "Receiver" shall refer to Gray and Associates, LLC, Fort Howard's receiver in the Receivership Case.

xxiii.   "Receivership Case" means that receivership case styled *Far Hydrant, LLC v. Ft. Howard Development, LLC (In re Ft. Howard Development LLC)*, No. 03-C-18-001606 (Balt. Cnty. Cir. Ct. Feb 15, 2018) (Truffer, J.).

xxiv.   "Relating or referring" and/or "relate or refer" shall be construed as constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

xxv.   "Requests" shall refer to the requests for production of Documents, Communications and other information listed below.

xxix.   "Sanctions Motion" shall refer to the *State Court Receiver's Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xxx.   "You" or "Your" shall refer to Ronald J. Drescher (of Drescher & Associates, P.A.), and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Ronald J. Drescher (of Drescher & Associates, P.A.), including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.


## II.   **INSTRUCTIONS**

a.   No paragraph shall be construed with reference to any other paragraph for purposes of limitation.

4

b.     In responding to these Requests, You shall produce all responsive Documents and Communications which are in Your possession, custody, or control.

c.     In responding to these Requests, You shall produce all responsive Documents and Communications available at the time of production and You shall supplement Your responses as required by Federal Rule of Civil Procedure 26(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7026.

d.     Each requested Document and Communication shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings.    If a Document or Communication responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents and Communications contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents and Communications are to be produced intact together with such file folders, loose-leaf binders, or notebooks.  All tabs and labels identifying such Documents, Communications, files, folders, binders, or notebooks shall be copied and produced together with such Documents and Communications.    Documents and Communications attached to each other should not be separated, and all such attached Documents and Communications shall be produced.

e.     If in response to a particular Request You provide a representation that You are unable to comply with a particular Request for any reason, You must provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request, (ii) specifying whether the inability to comply is because the particular Document, Communication, or category of Documents/Communications has never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer, in Your possession, custody, or control, and (iii) furnish a list specifying each Document and Communication and setting forth (a) the type of Document or Communication, (b) the general subject matter of the Document or Communication, (c) the date of the Document or Communication, and (d) the name(s) and address(es) of each Person known or believed to have possession, custody, or control of that Document or Communication or category of Documents or Communications.

f.     If any Document or Communication responsive to these Requests or any portion of a Request response is withheld or redacted by You under a claim of privilege or immunity, You shall provide the information required by Local Bankruptcy Rule 7026-1(j), Appendix C, Guideline 10.d.

g.     Whenever necessary to bring within the scope of these Requests Documents, Communications or information that might otherwise be construed to be outside their scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; (c) the disjunctive shall be deemed to include the conjunctive, and vice versa; and (d) all date ranges shall be inclusive of the first and last dates identified.

5

h.    These Requests are without prejudice to, or waiver of, the Receiver's rights to conduct further discovery or any arguments the Receiver may make in this proceeding.

## III.    REQUESTS FOR PRODUCTION

1.    All Documents concerning the reference on page 43 of the Opposition about "'the least severe sanction' that would adequately deter any future violation of Rule 9011 by counsel," including, without limitation, the following:

    a.    All of Your Financial Statements covering the period from January 1, 2014 to the present;

    b.    All of Your federal and state tax returns covering the period beginning with tax year 2014 to the present (in addition to any corresponding or related attachments, schedules, worksheets and amendments);

    c.    Documents sufficient to show:

        i.    Your current assets and liabilities;

        ii.    All distributions, salary, wages and any other form of payments, transfers or income that You have received from Drescher & Associates, P.A. over the period from January 1, 2014 to the present; and

        iii.    All distributions, salary, wages and any other form of payments, transfers or income that You have received (other than from Drescher & Associates, P.A.) over the period from January 1, 2014 to the present; and

    d.    Documents sufficient to show Your ownership interests (whether direct or indirect) in any incorporated or unincorporated businesses, entities or enterprises of any kind, in addition to the value any such ownership interests.

2.    Your professional liability insurance policies.

3.    All Documents and Communications referenced and/or identified in the Opposition.

4.    All Documents and Communications upon which you will, or intend to, rely at the Hearing.

6

Dated:  October 17, 2018

WHITEFORD TAYLOR & PRESTON LLP

_____
John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:    (410) 347-9421
E-mail:         jcarlton@wtplaw.com
                     tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC,*
*the Receiver for Ft. Howard Development, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing

*Receiver's Requests for Production of Documents by Ronald J. Drescher* was served by hand-

delivery, electronic mail and first-class mail, postage prepaid, on the following:

> Ronald J. Drescher, Esq.
> Drescher & Associates, P.A.
> 4 Reservoir Circle, Suite 107
> Baltimore, Maryland 21208
> Rondrescher@drescherlaw.com


_____
Todd M. Brooks

10014117

7

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

**FT. HOWARD DEVELOPMENT, LLC,**

Alleged Debtor.

**Case No. 18-18061 (WIL)**

**Chapter 11 (Involuntary)**

### RECEIVER'S NOTICE OF DEPOSITION OF
### <u>DRESCHER & ASSOCIATES, P.A.</u>

PLEASE TAKE NOTICE that commencing November 1, 2018 at 9:00 a.m., or such other date and time mutually agreed upon by the parties, Gray and Associates, LLC, the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC, by and through its bankruptcy counsel, will take the oral deposition of the deponent listed below before a notary public or some other officer duly authorized to administer oaths, pursuant to and in accordance with Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all other applicable provisions of the Federal Rules and the Bankruptcy Rules. The deposition will be recorded by stenographic means. If this deposition cannot be concluded by the end of the normal business day on the date it commences, it shall continue from day-to-day thereafter until completed unless counsel for the parties mutually agree to continue the deposition on another date.

| | |
|---|---|
| DEPONENT: | Designee for **Drescher & Associates, P.A.** |
| DATE: | **November 1, 2018** |
| TIME: | **9:00 a.m.** |
| LOCATION: | **Whiteford Taylor & Preston LLP**<br>**Seven Saint Paul Street, <u>19th Floor</u>**<br>**Baltimore, Maryland 21202** |

Pursuant to Federal Rule 30(b)(6), the deponent is requested to designate one or more individuals or other persons who consent to testify on its behalf on matters known or reasonably available regarding the topics identified below.

## I.    <u>DEFINITIONS</u>

i.      "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the examination topics (listed below) any information that might otherwise be construed as outside their scope.

ii.     "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of the examination topics (listed below) any information that might otherwise be construed as outside their scope.

iii.    "Communication" shall be construed as any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including but not limited to any conversation, correspondence, discussion, e-mail, meeting, memorandum, message, note or posting.

iv.     "Concerning" shall be construed as relating to, referring to, describing, evidencing, reflecting, or constituting.

v.      "Court" shall refer to the U.S. Bankruptcy Court for the District of Maryland.

vi.     "Document" shall be construed as all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade

2

journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) Your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

vii.    "Evidencing" shall be construed as constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

viii.    "Fees/Costs/Damages Motion" shall refer to the *State Court Receiver's Motion for Fees, Costs and Damages* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

ix.    "Financial Statement" means  any document prepared by You or at Your request reflecting Your financial condition, including without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and written representation by You to any creditor or person, firm or entity.

x.    "Fort Howard" shall refer to Ft. Howard Development, LLC.

xi.    "Hearing" shall refer to the hearing on the Motions and the Opposition, which is currently scheduled for November 28, 2018.

xii.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known home address, business address, and/or telephone number of each person.

xiii.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known address and telephone number of that person's headquarters or principal place of business.

xiv.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the request to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period

Discovery Requests
0013

specified in these requests but which relate or refer to such time or period are to be included in Your response.

xv.    "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, and the method(s) of communication.

xvi.    "Including," in all of its forms, means including without limitation.

xvii.    "Involuntary Bankruptcy Case" means that involuntary bankruptcy case styled *In re Ft. Howard Development, LLC*, No. 18-18061 (Bankr. D. Md. June 14, 2018) (Lipp, J.).

xviii.    "Memorandum" shall refer to the *State Court Receiver's Memorandum in Support of Its Motions for Fees, Costs, Damages and Sanctions* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xix.    "Motions" shall collectively refer to the Fees/Costs/Damages Motion, the Sanctions Motion and the Memorandum.

xx.    "Opposition" shall refer to the *Opposition by Petitioning Creditors to Motion for Sanctions and Damages* filed with the Court in the Involuntary Bankruptcy Case on September 14, 2018.

xxi.    "Person" shall be construed as an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

xxii.    "Receiver" shall refer to Gray and Associates, LLC, Fort Howard's receiver in the Receivership Case.

xxiii.    "Receivership Case" means that receivership case styled *Far Hydrant, LLC v. Ft. Howard Development, LLC (In re Ft. Howard Development LLC)*, No. 03-C-18-001606 (Balt. Cnty. Cir. Ct. Feb 15, 2018) (Truffer, J.).

xxiv.    "Relating or referring" and/or "relate or refer" shall be construed as constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

xxv.   "Sanctions Motion" shall refer to the *State Court Receiver's Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xxvi.   "You" or "Your" shall refer to Drescher & Associates, P.A., and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Drescher & Associates, P.A., including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.


## II.   <u>EXAMINATION TOPICS</u>

(1)   The reference on page 43 of the Opposition to "'the least severe sanction' that would adequately deter any future violation of Rule 9011 by counsel."

(2)   All facts and Documents concerning the reference on page 43 of the Opposition about "'the least severe sanction' that would adequately deter any future violation of Rule 9011 by counsel."

(3)   Your assets and liabilities over the period from January 1, 2014 to the present.

(4)   Your revenue/income, expenses and profit over the period from January 1, 2014 to the present.

(5)   All distributions, salary, wages and any other form of payments or transfers that You have made to Ronald J. Dresher over the period from January 1, 2014 to the present.

(6)   Your current outstanding accounts receivable.

(7)   Your professional liability insurance policies and carriers.

(8)   All facts asserted, and Documents and Communications identified, in the Opposition.

(9)   All Documents, Communications, facts or other evidence upon which you will, or intend to, rely at the Hearing.

5

Dated:  October 17, 2018

WHITEFORD TAYLOR & PRESTON LLP

_____

John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:    (410) 347-9421
E-mail:         jcarlton@wtplaw.com
                   tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC,*
*the Receiver for Ft. Howard Development, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Drescher & Associates, P.A.* was served by hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

> Ronald J. Drescher, Esq.
> Drescher & Associates, P.A.
> 4 Reservoir Circle, Suite 107
> Baltimore, Maryland 21208
> Rondrescher@drescherlaw.com

I HEREBY FURTHER CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Drescher & Associates, P.A.* was served by first-class mail, postage prepaid, on the following:

| Carl S. Williams | Carl S. Williams | Carl S. Williams |
|---|---|---|
| 8700 Jericho City Drive | 9701 Apollo Drive, Suite 201 | 2724 Woodlake Road |
| Landover, Maryland 20785 | Largo, Maryland 20774 | Bowie, Maryland 20721 |

| D. Gregory Hollis | D. Gregory Hollis |
|---|---|
| 14112 Jones Bridge Rd. | 810 Bleak Hill Place |
| Upper Marlboro, Maryland 20774 | Upper Marlboro, Maryland 20774 |

_____

Todd M. Brooks

10014117

6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | |
| **FT. HOWARD DEVELOPMENT, LLC,** | **Case No. 18-18061 (WIL)** |
| **Alleged Debtor.** | **Chapter 11 (Involuntary)** |

**RECEIVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS**
**BY DRESCHER & ASSOCIATES, P.A.**

Gray and Associates, LLC (the "Receiver"), the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC ("Fort Howard"), by and through its bankruptcy counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests that Drescher & Associates, P.A. produce the following documents within its possession, custody or control at the offices of Whiteford Taylor & Preston LLP, Attn: Todd M. Brooks, Seven Saint Paul Street, 15th Floor, Baltimore, Maryland 21202 **on or before 5:00 p.m. on Friday, November 16, 2018**, and in accordance with definitions and instructions set forth below.

## I.      DEFINITIONS

i.      "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

ii.     "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

iii.    "Communication" shall be construed as any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including but not limited to any conversation, correspondence, discussion, e-mail, meeting, memorandum, message, note or posting.

iv.     "Concerning" shall be construed as relating to, referring to, describing, evidencing, reflecting, or constituting.

v.      "Court" shall refer to the U.S. Bankruptcy Court for the District of Maryland.

vi.     "Document" shall be construed as all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) Your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

vii.    "Evidencing" shall be construed as constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

viii.   "Fees/Costs/Damages Motion" shall refer to the *State Court Receiver's Motion for Fees, Costs and Damages* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

2

ix.    "Financial Statement" means  any document prepared by You or at Your request reflecting Your financial condition, including without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and written representation by You to any creditor or person, firm or entity.

x.    "Fort Howard" shall refer to Ft. Howard Development, LLC.

xi.    "Hearing" shall refer to the hearing on the Motions and the Opposition, which is currently scheduled for November 28, 2018.

xii.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known home address, business address, and/or telephone number of each person.

xiii.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known address and telephone number of that person's headquarters or principal place of business.

xiv.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the request to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified in these requests but which relate or refer to such time or period are to be included in Your response.

xv.    "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, and the method(s) of communication.

xvi.    "Including," in all of its forms, means including without limitation.

xvii.    "Involuntary Bankruptcy Case" means that involuntary bankruptcy case styled *In re Ft. Howard Development, LLC*, No. 18-18061 (Bankr. D. Md. June 14, 2018) (Lipp, J.).

3

xviii.   "Memorandum" shall refer to the *State Court Receiver's Memorandum in Support of Its Motions for Fees, Costs, Damages and Sanctions* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xix.   "Motions" shall collectively refer to the Fees/Costs/Damages Motion, the Sanctions Motion and the Memorandum.

xx.   "Opposition" shall refer to the *Opposition by Petitioning Creditors to Motion for Sanctions and Damages* filed with the Court in the Involuntary Bankruptcy Case on September 14, 2018.

xxi.   "Person" shall be construed as an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.   "Person" means the plural as well as the singular.

xxii.   "Receiver" shall refer to Gray and Associates, LLC, Fort Howard's receiver in the Receivership Case.

xxiii.   "Receivership Case" means that receivership case styled *Far Hydrant, LLC v. Ft. Howard Development, LLC (In re Ft. Howard Development LLC)*, No. 03-C-18-001606 (Balt. Cnty. Cir. Ct. Feb 15, 2018) (Truffer, J.).

xxiv.   "Relating or referring" and/or "relate or refer" shall be construed as constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

xxv.   "Requests" shall refer to the requests for production of Documents, Communications and other information listed below.

xxvii.   "Sanctions Motion" shall refer to the *State Court Receiver's Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xxviii.   "You" or "Your" shall refer to Drescher & Associates, P.A., and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Drescher & Associates, P.A., including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

## II.   **INSTRUCTIONS**

a.   No paragraph shall be construed with reference to any other paragraph for purposes of limitation.

4

b.      In responding to these Requests, You shall produce all responsive Documents and Communications which are in Your possession, custody, or control.

c.      In responding to these Requests, You shall produce all responsive Documents and Communications available at the time of production and You shall supplement Your responses as required by Federal Rule of Civil Procedure 26(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7026.

d.      Each requested Document and Communication shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings.    If a Document or Communication responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents and Communications contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents and Communications are to be produced intact together with such file folders, loose-leaf binders, or notebooks.  All tabs and labels identifying such Documents, Communications, files, folders, binders, or notebooks shall be copied and produced together with such Documents and Communications.    Documents and Communications attached to each other should not be separated, and all such attached Documents and Communications shall be produced.

e.      If in response to a particular Request You provide a representation that You are unable to comply with a particular Request for any reason, You must provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request, (ii) specifying whether the inability to comply is because the particular Document, Communication, or category of Documents/Communications has never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer, in Your possession, custody, or control, and (iii) furnish a list specifying each Document and Communication and setting forth (a) the type of Document or Communication, (b) the general subject matter of the Document or Communication, (c) the date of the Document or Communication, and (d) the name(s) and address(es) of each Person known or believed to have possession, custody, or control of that Document or Communication or category of Documents or Communications.

f.      If any Document or Communication responsive to these Requests or any portion of a Request response is withheld or redacted by You under a claim of privilege or immunity, You shall provide the information required by Local Bankruptcy Rule 7026-1(j), Appendix C, Guideline 10.d.

g.      Whenever necessary to bring within the scope of these Requests Documents, Communications or information that might otherwise be construed to be outside their scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; (c) the disjunctive shall be deemed to include the conjunctive, and vice versa; and (d) all date ranges shall be inclusive of the first and last dates identified.

5

h.      These Requests are without prejudice to, or waiver of, the Receiver's rights to conduct further discovery or any arguments the Receiver may make in this proceeding.

## III.    REQUESTS FOR PRODUCTION

1.      All Documents concerning the reference on page 43 of the Opposition about "'the least severe sanction' that would adequately deter any future violation of Rule 9011 by counsel," including, without limitation, the following:

   a.      All of Your Financial Statements covering the period from January 1, 2014 to the present;

   b.      All of Your federal and state tax returns covering the period beginning with tax year 2014 to the present (in addition to any corresponding or related attachments, schedules, worksheets and amendments); and

   c.      Documents sufficient to show:

      i.   Your assets and liabilities over the period from January 1, 2014 to the present;

      ii.  Your revenue/income, expenses and profit over the period from January 1, 2014 to the present; and

      iii. All distributions, salary, wages and any other form of payments or transfers that You have made, or caused to be made, to Ronald J. Dresher over the period from January 1, 2014 to the present.

2.      Your professional liability insurance policies.

3.      All Documents and Communications referenced and/or identified in the Opposition.

4.      All Documents and Communications upon which you will, or intend to, rely at the Hearing.

6

Dated:  October 17, 2018

WHITEFORD TAYLOR & PRESTON LLP

John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:    (410) 347-9421
E-mail:        jcarlton@wtplaw.com
               tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC,*
*the Receiver for Ft. Howard Development, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing

*Receiver's Requests for Production of Documents by Drescher & Associates, P.A.* was served by

hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

Ronald J. Drescher, Esq.
Drescher & Associates, P.A.
4 Reservoir Circle, Suite 107
Baltimore, Maryland 21208
Rondrescher@drescherlaw.com

Todd M. Brooks

10014117

7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | **Case No. 18-18061 (WIL)** |
| **FT. HOWARD DEVELOPMENT, LLC,** | **Chapter 11 (Involuntary)** |
| **Alleged Debtor.** | |

**RECEIVER'S NOTICE OF DEPOSITION OF**
**TRINITY PROTECTION SERVICES, INC.**

PLEASE TAKE NOTICE that commencing November 20, 2018 at 9:00 a.m., or such other date and time mutually agreed upon by the parties, Gray and Associates, LLC, the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC, by and through its bankruptcy counsel, will take the oral deposition of the deponent listed below before a notary public or some other officer duly authorized to administer oaths, pursuant to and in accordance with Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all other applicable provisions of the Federal Rules and the Bankruptcy Rules.  The deposition will be recorded by stenographic means.  If this deposition cannot be concluded by the end of the normal business day on the date it commences, it shall continue from day-to-day thereafter until completed unless counsel for the parties mutually agree to continue the deposition on another date.

DEPONENT:              Designee for **Trinity Protection Services, Inc.**

DATE:                  **November 20, 2018**

TIME:                  **9:00 a.m.**

LOCATION:              **Whiteford Taylor & Preston LLP**
                       **Seven Saint Paul Street, <u>19th Floor</u>**
                       **Baltimore, Maryland 21202**

Pursuant to Federal Rule 30(b)(6), the deponent is requested to designate one or more individuals or other persons who consent to testify on its behalf on matters known or reasonably available regarding the topics identified below.

## I.   <u>DEFINITIONS</u>

     i.    "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the examination topics (listed below) any information that might otherwise be construed as outside their scope.

     ii.    "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of the examination topics (listed below) any information that might otherwise be construed as outside their scope.

     iii.    "Communication" shall be construed as any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including but not limited to any conversation, correspondence, discussion, e-mail, meeting, memorandum, message, note, posting or text message.

     iv.    "Concerning" shall be construed as relating to, referring to, describing, evidencing, reflecting, or constituting.

     v.    "Court" shall refer to the U.S. Bankruptcy Court for the District of Maryland.

     vi.    "Document" shall be construed as all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade

2

journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) Your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

vii.    "Evidencing" shall be construed as constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

viii.    "Fees/Costs/Damages Motion" shall refer to the *State Court Receiver's Motion for Fees, Costs and Damages* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

ix.    "Financial Statement" means  any document prepared by You or at Your request reflecting Your financial condition, including without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and written representation by You to any creditor or person, firm or entity.

x.    "Fort Howard" shall refer to Ft. Howard Development, LLC.

xi.    "Hearing" shall refer to the hearing on the Motions and the Opposition, which is currently scheduled for November 28, 2018.

xii.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known home address, business address, and/or telephone number of each person.

xiii.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known address and telephone number of that person's headquarters or principal place of business.

xiv.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the request to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period

3

specified in these requests but which relate or refer to such time or period are to be included in Your response.

xv.    "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, and the method(s) of communication.

xvi.    "Including," in all of its forms, means including without limitation.

xvii.    "Involuntary Bankruptcy Case" means that involuntary bankruptcy case styled *In re Ft. Howard Development, LLC*, No. 18-18061 (Bankr. D. Md. June 14, 2018) (Lipp, J.).

xviii.    "Memorandum" shall refer to the *State Court Receiver's Memorandum in Support of Its Motions for Fees, Costs, Damages and Sanctions* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xix.    "Motions" shall collectively refer to the Fees/Costs/Damages Motion, the Sanctions Motion and the Memorandum.

xx.    "Opposition" shall refer to the *Opposition by Petitioning Creditors to Motion for Sanctions and Damages* filed with the Court in the Involuntary Bankruptcy Case on September 14, 2018.

xxi.    "Person" shall be construed as an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

xxii.    "Receiver" shall refer to Gray and Associates, LLC, Fort Howard's receiver in the Receivership Case.

xxiii.    "Receivership Case" means that receivership case styled *Far Hydrant, LLC v. Ft. Howard Development, LLC (In re Ft. Howard Development LLC)*, No. 03-C-18-001606 (Balt. Cnty. Cir. Ct. Feb 15, 2018) (Truffer, J.).

xxiv.    "Relating or referring" and/or "relate or refer" shall be construed as constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

4

xxv.    "Sanctions Motion" shall refer to the *State Court Receiver's Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xxvi.    "Trinity" shall refer to Trinity Protections Services, Inc.

xxvii.    "Williams" shall refer to Mr. Carl S. Williams.

xxviii.    "Woody" shall refer to Mr. David L. Woody.

xxix.    "Yeargin" shall refer to Mr. Carlos Yeargin.

xxx.    "You" or "Your" shall refer to Trinity, any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Trinity, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

xxxi.    "Zarella" shall refer to Zarella Contractors, LLC, and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Zarella Contractors, LLC, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

## II.    **EXAMINATION TOPICS**

(1)    Communications by and among any of You, Zarella, Yeargin, Woody and/or Williams over the period from April 1, 2018 to the present.

(2)    Your assets and liabilities over the period from January 1, 2014 to the present.

(3)    Your revenue/income, expenses and profit over the period from January 1, 2014 to the present.

(4)    All facts asserted, and Documents and Communications identified, in the Opposition.

(5)    All Documents, Communications, facts or other evidence upon which you will, or intend to, rely at the Hearing.

Discovery Requests
0028

Dated:  October 17, 2018

WHITEFORD TAYLOR & PRESTON LLP

John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:    (410) 347-9421
E-mail:         jcarlton@wtplaw.com
                     tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC,*
*the Receiver for Ft. Howard Development, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Trinity Protection Services, Inc.* was served by hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

> Ronald J. Drescher, Esq.
> Drescher & Associates, P.A.
> 4 Reservoir Circle, Suite 107
> Baltimore, Maryland 21208
> Rondrescher@drescherlaw.com

I HEREBY FURTHER CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Trinity Protection Services, Inc.* was served by first-class mail, postage prepaid, on the following:

| | | |
|---|---|---|
| Carl S. Williams | Carl S. Williams | Carl S. Williams |
| 8700 Jericho City Drive | 9701 Apollo Drive, Suite 201 | 2724 Woodlake Road |
| Landover, Maryland 20785 | Largo, Maryland 20774 | Bowie, Maryland 20721 |

| | |
|---|---|
| D. Gregory Hollis | D. Gregory Hollis |
| 14112 Jones Bridge Rd. | 810 Bleak Hill Place |
| Upper Marlboro, Maryland 20774 | Upper Marlboro, Maryland 20774 |

Todd M. Brooks

10014416

6

Discovery Requests
0029

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **In re:** | **Case No. 18-18061 (WIL)** |
| **FT. HOWARD DEVELOPMENT, LLC,** | **Chapter 11 (Involuntary)** |
| **Alleged Debtor.** | |

**RECEIVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS
BY TRINITY PROTECTION SERVICES, INC.**

Gray and Associates, LLC (the "Receiver"), the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC ("Fort Howard"), by and through its bankruptcy counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests that Trinity Protection Services, Inc. produce the following documents within its possession, custody or control at the offices of Whiteford Taylor & Preston LLP, Attn: Todd M. Brooks, Seven Saint Paul Street, 15th Floor, Baltimore, Maryland 21202 **on or before 5:00 p.m. on Friday, November 16, 2018**, and in accordance with definitions and instructions set forth below.

# I.   **DEFINITIONS**

i.      "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

ii.      "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

iii.      "Communication" shall be construed as any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including but not limited to any conversation, correspondence, discussion, e-mail, meeting, memorandum, message, note, posting or text message.

iv.      "Concerning" shall be construed as relating to, referring to, describing, evidencing, reflecting, or constituting.

v.      "Court" shall refer to the U.S. Bankruptcy Court for the District of Maryland.

vi.      "Document" shall be construed as all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information.  The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method.  The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) Your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

vii.      "Evidencing" shall be construed as constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

viii.      "Fees/Costs/Damages Motion" shall refer to the *State Court Receiver's Motion for Fees, Costs and Damages* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

2

Discovery Requests
0031

ix. "Financial Statement" means any document prepared by You or at Your request reflecting Your financial condition, including without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and written representation by You to any creditor or person, firm or entity.

x. "Fort Howard" shall refer to Ft. Howard Development, LLC.

xi. "Hearing" shall refer to the hearing on the Motions and the Opposition, which is currently scheduled for November 28, 2018.

xii. "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known home address, business address, and/or telephone number of each person.

xiii. "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known address and telephone number of that person's headquarters or principal place of business.

xiv. "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the request to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified in these requests but which relate or refer to such time or period are to be included in Your response.

xv. "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, and the method(s) of communication.

xvi. "Including," in all of its forms, means including without limitation.

xvii. "Involuntary Bankruptcy Case" means that involuntary bankruptcy case styled *In re Ft. Howard Development, LLC*, No. 18-18061 (Bankr. D. Md. June 14, 2018) (Lipp, J.).

3

xviii.   "Memorandum" shall refer to the *State Court Receiver's Memorandum in Support of Its Motions for Fees, Costs, Damages and Sanctions* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xix.   "Motions" shall collectively refer to the Fees/Costs/Damages Motion, the Sanctions Motion and the Memorandum.

xx.   "Opposition" shall refer to the *Opposition by Petitioning Creditors to Motion for Sanctions and Damages* filed with the Court in the Involuntary Bankruptcy Case on September 14, 2018.

xxi.   "Person" shall be construed as an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

xxii.   "Receiver" shall refer to Gray and Associates, LLC, Fort Howard's receiver in the Receivership Case.

xxiii.   "Receivership Case" means that receivership case styled *Far Hydrant, LLC v. Ft. Howard Development, LLC (In re Ft. Howard Development LLC)*, No. 03-C-18-001606 (Balt. Cnty. Cir. Ct. Feb 15, 2018) (Truffer, J.).

xxiv.   "Relating or referring" and/or "relate or refer" shall be construed as constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

xxv.   "Requests" shall refer to the requests for production of Documents, Communications and other information listed below.

xxxii.   "Sanctions Motion" shall refer to the *State Court Receiver's Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xxxiii.   "Trinity" shall refer to Trinity Protections Services, Inc.

xxxiv.   "Williams" shall refer to Mr. Carl S. Williams.

xxxv.   "Woody" shall refer to Mr. David L. Woody.

xxxvi.   "Yeargin" shall refer to Mr. Carlos Yeargin.

xxxvii.   "You" or "Your" shall refer to Trinity, any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Trinity, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

Discovery Requests
0033

xxxviii.        "Zarella" shall refer to Zarella Contractors, LLC, and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Zarella Contractors, LLC, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

## II.    <u>INSTRUCTIONS</u>

a.        No paragraph shall be construed with reference to any other paragraph for purposes of limitation.

b.        In responding to these Requests, You shall produce all responsive Documents and Communications which are in Your possession, custody, or control.

c.        In responding to these Requests, You shall produce all responsive Documents and Communications available at the time of production and You shall supplement Your responses as required by Federal Rule of Civil Procedure 26(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7026.

d.        Each requested Document and Communication shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings.  If a Document or Communication responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents and Communications contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents and Communications are to be produced intact together with such file folders, loose-leaf binders, or notebooks.  All tabs and labels identifying such Documents, Communications, files, folders, binders, or notebooks shall be copied and produced together with such Documents and Communications.    Documents and Communications attached to each other should not be separated, and all such attached Documents and Communications shall be produced.

e.        If in response to a particular Request You provide a representation that You are unable to comply with a particular Request for any reason, You must provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request, (ii) specifying whether the inability to comply is because the particular Document, Communication, or category of Documents/Communications has never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer, in Your possession, custody, or control, and (iii) furnish a list specifying each Document and Communication and setting forth (a) the type of Document or Communication, (b) the general subject matter of the Document or Communication, (c) the date of the Document or Communication, and (d) the name(s) and address(es) of each Person known or believed to have possession, custody, or control of that Document or Communication or category of Documents or Communications.

5

f.      If any Document or Communication responsive to these Requests or any portion of a Request response is withheld or redacted by You under a claim of privilege or immunity, You shall provide the information required by Local Bankruptcy Rule 7026-1(j), Appendix C, Guideline 10.d.

g.      Whenever necessary to bring within the scope of these Requests Documents, Communications or information that might otherwise be construed to be outside their scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; (c) the disjunctive shall be deemed to include the conjunctive, and vice versa; and (d) all date ranges shall be inclusive of the first and last dates identified.

h.      These Requests are without prejudice to, or waiver of, the Receiver's rights to conduct further discovery or any arguments the Receiver may make in this proceeding.

## III.    <u>REQUESTS FOR PRODUCTION</u>

1.      All Documents and Communications concerning Fort Howard or the Involuntary Bankruptcy Case exchanged by and among any of You, Zarella, Yeargin, Woody and/or Williams over the period from April 1, 2018 to the present.

2.      All of Your Financial Statements covering the period from January 1, 2014 to the present.

3.      All of Your federal and state tax returns covering the period beginning with tax year 2014 to the present (in addition to any corresponding or related attachments, schedules, worksheets and amendments).

4.      Documents sufficient to show:

a.      Your assets and liabilities over the period from January 1, 2014 to the present; and

b.      Your revenue/income, expenses and profit over the period from January 1, 2014 to the present.

5.      All Documents and Communications referenced and/or identified in the Opposition.

6.      All Documents and Communications upon which you will, or intend to, rely at the Hearing.

6

Dated: October 17, 2018

WHITEFORD TAYLOR & PRESTON LLP

John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:    (410) 347-9421
E-mail:      jcarlton@wtplaw.com
             tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC,*
*the Receiver for Ft. Howard Development, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing

*Receiver's Requests for Production of Documents by Trinity Protection Services, Inc.* was served

by hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

Ronald J. Drescher, Esq.
Drescher & Associates, P.A.
4 Reservoir Circle, Suite 107
Baltimore, Maryland 21208
Rondrescher@drescherlaw.com

Todd M. Brooks

10014416

7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | **Case No. 18-18061 (WIL)** |
| **FT. HOWARD DEVELOPMENT, LLC,** | **Chapter 11 (Involuntary)** |
| **Alleged Debtor.** | |

**RECEIVER'S NOTICE OF DEPOSITION**
**OF DAVID L. WOODY**

PLEASE TAKE NOTICE that commencing November 20, 2018 at 1:00 p.m., or such other date and time mutually agreed upon by the parties, Gray and Associates, LLC, the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC, by and through its bankruptcy counsel, will take the oral deposition of the deponent listed below before a notary public or some other officer duly authorized to administer oaths, pursuant to and in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all other applicable provisions of the Federal Rules and the Bankruptcy Rules. The deposition will be recorded by stenographic means. If this deposition cannot be concluded by the end of the normal business day on the date it commences, it shall continue from day-to-day thereafter until completed unless counsel for the parties mutually agree to continue the deposition on another date.

DEPONENT:            David L. Woody

DATE:                November 20, 2018

TIME:                1:00 p.m.

LOCATION:            **Whiteford Taylor & Preston LLP**
                     **Seven Saint Paul Street, <u>19th Floor</u>**
                     **Baltimore, Maryland 21202**

Dated:  October 17, 2018            WHITEFORD TAYLOR & PRESTON LLP

                                    _____
                                    John F. Carlton (Bar No. 06591)
                                    Todd M. Brooks (Bar No. 28515)
                                    Seven Saint Paul Street, Suite 1500
                                    Baltimore, Maryland 21202
                                    Telephone:    (410) 347-9421
                                    E-mail:       jcarlton@wtplaw.com
                                                  tbrooks@wtplaw.com

                                    *Bankruptcy Counsel for Gray and Associates, LLC,*
                                    *the Receiver for Ft. Howard Development, LLC*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of David L. Woody* was served by hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

> Ronald J. Drescher, Esq.
> Drescher & Associates, P.A.
> 4 Reservoir Circle, Suite 107
> Baltimore, Maryland 21208
> Rondrescher@drescherlaw.com

I HEREBY FURTHER CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of David L. Woody* was served by first-class mail, postage prepaid, on the following:

| Carl S. Williams | Carl S. Williams | Carl S. Williams |
|---|---|---|
| 8700 Jericho City Drive | 9701 Apollo Drive, Suite 201 | 2724 Woodlake Road |
| Landover, Maryland 20785 | Largo, Maryland 20774 | Bowie, Maryland 20721 |

> D. Gregory Hollis
> 14112 Jones Bridge Rd.
> Upper Marlboro, Maryland 20774

> D. Gregory Hollis
> 810 Bleak Hill Place
> Upper Marlboro, Maryland 20774

Todd M. Brooks

10014416

3

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### (Greenbelt Division)

| | |
|---|---|
| **In re:** | |
| | **Case No. 18-18061 (WIL)** |
| **FT. HOWARD DEVELOPMENT, LLC,** | |
| | **Chapter 11 (Involuntary)** |
| **Alleged Debtor.** | |

### RECEIVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS
### BY DAVID L. WOODY

Gray and Associates, LLC (the "Receiver"), the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC ("Fort Howard"), by and through its bankruptcy counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests that David L. Woody produce the following documents within his possession, custody or control at the offices of Whiteford Taylor & Preston LLP, Attn: Todd M. Brooks, Seven Saint Paul Street, 15th Floor, Baltimore, Maryland 21202 **on or before 5:00 p.m. on Friday, November 16, 2018**, and in accordance with definitions and instructions set forth below.

## I.    DEFINITIONS

i.       "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

ii.      "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

iii.     "Communication" shall be construed as any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including but not limited to any conversation, correspondence, discussion, e-mail, meeting, memorandum, message, note, posting or text message.

iv.      "Concerning" shall be construed as relating to, referring to, describing, evidencing, reflecting, or constituting.

v.       "Court" shall refer to the U.S. Bankruptcy Court for the District of Maryland.

vi.      "Document" shall be construed as all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) Your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

vii.     "Evidencing" shall be construed as constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

viii.    "Fees/Costs/Damages Motion" shall refer to the *State Court Receiver's Motion for Fees, Costs and Damages* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

2

ix.    "Financial Statement" means  any document prepared by You or at Your request reflecting Your financial condition, including without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and written representation by You to any creditor or person, firm or entity.

x.    "Fort Howard" shall refer to Ft. Howard Development, LLC.

xi.    "Hearing" shall refer to the hearing on the Motions and the Opposition, which is currently scheduled for November 28, 2018.

xii.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known home address, business address, and/or telephone number of each person.

xiii.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known address and telephone number of that person's headquarters or principal place of business.

xiv.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the request to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified in these requests but which relate or refer to such time or period are to be included in Your response.

xv.    "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, and the method(s) of communication.

xvi.    "Including," in all of its forms, means including without limitation.

xvii.    "Involuntary Bankruptcy Case" means that involuntary bankruptcy case styled *In re Ft. Howard Development, LLC*, No. 18-18061 (Bankr. D. Md. June 14, 2018) (Lipp, J.).

Discovery Requests
0042

xviii.    "Memorandum" shall refer to the *State Court Receiver's Memorandum in Support of Its Motions for Fees, Costs, Damages and Sanctions* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xix.    "Motions" shall collectively refer to the Fees/Costs/Damages Motion, the Sanctions Motion and the Memorandum.

xx.    "Opposition" shall refer to the *Opposition by Petitioning Creditors to Motion for Sanctions and Damages* filed with the Court in the Involuntary Bankruptcy Case on September 14, 2018.

xxi.    "Person" shall be construed as an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

xxii.    "Receiver" shall refer to Gray and Associates, LLC, Fort Howard's receiver in the Receivership Case.

xxiii.    "Receivership Case" means that receivership case styled *Far Hydrant, LLC v. Ft. Howard Development, LLC (In re Ft. Howard Development LLC)*, No. 03-C-18-001606 (Balt. Cnty. Cir. Ct. Feb 15, 2018) (Truffer, J.).

xxiv.    "Relating or referring" and/or "relate or refer" shall be construed as constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

xxv.    "Requests" shall refer to the requests for production of Documents, Communications and other information listed below.

xlvi.    "Sanctions Motion" shall refer to the *State Court Receiver's Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xlvii.    "Trinity" shall refer to Trinity Protections Services, Inc., and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Trinity Protections Services, Inc., including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

xlviii.    "Williams" shall refer to Mr. Carl S. Williams.

xlix.    "Woody" shall refer to Mr. David L. Woody.

l.        "Yeargin" shall refer to Mr. Carlos Yeargin.

4

li.     "You" or "Your" shall refer to Woody, any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Woody, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

lii.     "Zarella" shall refer to Zarella Contractors, LLC, and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Zarella Contractors, LLC, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

## II.     <u>INSTRUCTIONS</u>

a.     No paragraph shall be construed with reference to any other paragraph for purposes of limitation.

b.     In responding to these Requests, You shall produce all responsive Documents and Communications which are in Your possession, custody, or control.

c.     In responding to these Requests, You shall produce all responsive Documents and Communications available at the time of production and You shall supplement Your responses as required by Federal Rule of Civil Procedure 26(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7026.

d.     Each requested Document and Communication shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings.  If a Document or Communication responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents and Communications contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents and Communications are to be produced intact together with such file folders, loose-leaf binders, or notebooks.  All tabs and labels identifying such Documents, Communications, files, folders, binders, or notebooks shall be copied and produced together with such Documents and Communications.     Documents and Communications attached to each other should not be separated, and all such attached Documents and Communications shall be produced.

e.     If in response to a particular Request You provide a representation that You are unable to comply with a particular Request for any reason, You must provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request, (ii) specifying whether the inability to comply is because the particular Document, Communication, or category of Documents/Communications has never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer, in Your possession, custody, or control, and (iii) furnish a list specifying each Document and Communication and setting forth (a) the type of Document or Communication, (b) the general subject matter of the Document or Communication, (c) the date of the Document or Communication, and (d) the name(s) and address(es) of each Person known or believed to have

5

possession, custody, or control of that Document or Communication or category of Documents or Communications.

  f.  If any Document or Communication responsive to these Requests or any portion of a Request response is withheld or redacted by You under a claim of privilege or immunity, You shall provide the information required by Local Bankruptcy Rule 7026-1(j), Appendix C, Guideline 10.d.

  g.  Whenever necessary to bring within the scope of these Requests Documents, Communications or information that might otherwise be construed to be outside their scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; (c) the disjunctive shall be deemed to include the conjunctive, and vice versa; and (d) all date ranges shall be inclusive of the first and last dates identified.

  h.  These Requests are without prejudice to, or waiver of, the Receiver's rights to conduct further discovery or any arguments the Receiver may make in this proceeding.

## III. **<u>REQUESTS FOR PRODUCTION</u>**

  1.  All Documents and Communications concerning Fort Howard or the Involuntary Bankruptcy Case exchanged by and among any of You, Zarella, Trinity and/or Yeargin over the period from April 1, 2018 to the present.

  2.  All of Your Financial Statements covering the period from January 1, 2014 to the present.

  3.  All of Your federal and state tax returns covering the period beginning with tax year 2014 to the present (in addition to any corresponding or related attachments, schedules, worksheets and amendments).

  4.  Documents sufficient to show Your current assets and liabilities.

  5.  All Documents and Communications referenced and/or identified in the Opposition.

  6.  All Documents and Communications upon which you will, or intend to, rely at the Hearing.

Dated: October 17, 2018

WHITEFORD TAYLOR & PRESTON LLP

_____

John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:     (410) 347-9421
E-mail:          jcarlton@wtplaw.com
                     tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC,*
*the Receiver for Ft. Howard Development, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Requests for Production of Documents by David L. Woody* was served by hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

Ronald J. Drescher, Esq.
Drescher & Associates, P.A.
4 Reservoir Circle, Suite 107
Baltimore, Maryland 21208
Rondrescher@drescherlaw.com


_____

Todd M. Brooks

10014416

7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**FT. HOWARD DEVELOPMENT, LLC,**<br><br>Alleged Debtor. | **Case No. 18-18061 (WIL)**<br><br>**Chapter 11 (Involuntary)** |

### RECEIVER'S NOTICE OF DEPOSITION
### OF CARLOS YEARGIN

PLEASE TAKE NOTICE that commencing November 20, 2018 at 11:00 a.m., or such other date and time mutually agreed upon by the parties, Gray and Associates, LLC, the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC, by and through its bankruptcy counsel, will take the oral deposition of the deponent listed below before a notary public or some other officer duly authorized to administer oaths, pursuant to and in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all other applicable provisions of the Federal Rules and the Bankruptcy Rules. The deposition will be recorded by stenographic means. If this deposition cannot be concluded by the end of the normal business day on the date it commences, it shall continue from day-to-day thereafter until completed unless counsel for the parties mutually agree to continue the deposition on another date.

DEPONENT:            **Carlos Yeargin**

DATE:                **November 20, 2018**

TIME:                **11:00 a.m.**

LOCATION:            **Whiteford Taylor & Preston LLP**
                     **Seven Saint Paul Street, <u>19th Floor</u>**
                     **Baltimore, Maryland 21202**


Dated: October 17, 2018             WHITEFORD TAYLOR & PRESTON LLP

                                    John F. Carlton (Bar No. 06591)
                                    Todd M. Brooks (Bar No. 28515)
                                    Seven Saint Paul Street, Suite 1500
                                    Baltimore, Maryland 21202
                                    Telephone:   (410) 347-9421
                                    E-mail:      jcarlton@wtplaw.com
                                                 tbrooks@wtplaw.com

                                    *Bankruptcy Counsel for Gray and Associates, LLC,*
                                    *the Receiver for Ft. Howard Development, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Carlos Yeargin* was served by hand-delivery, electronic mail and first-class mail, postage prepaid, on the following:

> Ronald J. Drescher, Esq.
> Drescher & Associates, P.A.
> 4 Reservoir Circle, Suite 107
> Baltimore, Maryland 21208
> Rondrescher@drescherlaw.com

I HEREBY FURTHER CERTIFY that on this 17th day of October 2018, a copy of the foregoing *Receiver's Notice of Deposition of Carlos Yeargin* was served by first-class mail, postage prepaid, on the following:

Carl S. Williams
8700 Jericho City Drive
Landover, Maryland 20785

Carl S. Williams
9701 Apollo Drive, Suite 201
Largo, Maryland 20774

Carl S. Williams
2724 Woodlake Road
Bowie, Maryland 20721

D. Gregory Hollis
14112 Jones Bridge Rd.
Upper Marlboro, Maryland 20774

D. Gregory Hollis
810 Bleak Hill Place
Upper Marlboro, Maryland 20774

_____
Todd M. Brooks

10014416

3

Discovery Requests
0049

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | **Case No. 18-18061 (WIL)** |
| **FT. HOWARD DEVELOPMENT, LLC,** | **Chapter 11 (Involuntary)** |
| **Alleged Debtor.** | |

**RECEIVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS**
**BY CARLOS YEARGIN**

Gray and Associates, LLC (the "Receiver"), the court-appointed receiver for the alleged debtor in the above-captioned involuntary bankruptcy case, Ft. Howard Development, LLC ("Fort Howard"), by and through its bankruptcy counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein pursuant to Rules 1018, 9014 and 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests that Carlos Yeargin produce the following documents within his possession, custody or control at the offices of Whiteford Taylor & Preston LLP, Attn: Todd M. Brooks, Seven Saint Paul Street, 15th Floor, Baltimore, Maryland 21202 **on or before 5:00 p.m. on Friday, November 16, 2018**, and in accordance with definitions and instructions set forth below.

## I.     **DEFINITIONS**

      i.     "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," and "each" shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

      ii.    "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of the document-production requests (listed below) any information that might otherwise be construed as outside their scope.

      iii.    "Communication" shall be construed as any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including but not limited to any conversation, correspondence, discussion, e-mail, meeting, memorandum, message, note, posting or text message.

      iv.    "Concerning" shall be construed as relating to, referring to, describing, evidencing, reflecting, or constituting.

      v.    "Court" shall refer to the U.S. Bankruptcy Court for the District of Maryland.

      vi.    "Document" shall be construed as all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) Your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

      vii.    "Evidencing" shall be construed as constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

      viii.    "Fees/Costs/Damages Motion" shall refer to the *State Court Receiver's Motion for Fees, Costs and Damages* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

2

ix.    "Financial Statement" means any document prepared by You or at Your request reflecting Your financial condition, including without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and written representation by You to any creditor or person, firm or entity.

x.    "Fort Howard" shall refer to Ft. Howard Development, LLC.

xi.    "Hearing" shall refer to the hearing on the Motions and the Opposition, which is currently scheduled for November 28, 2018.

xii.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known home address, business address, and/or telephone number of each person.

xiii.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person: (a) the name of the person; and (b) the last known address and telephone number of that person's headquarters or principal place of business.

xiv.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the request to which it is responsive. If any such document was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified in these requests but which relate or refer to such time or period are to be included in Your response.

xv.    "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, and the method(s) of communication.

xvi.    "Including," in all of its forms, means including without limitation.

xvii.    "Involuntary Bankruptcy Case" means that involuntary bankruptcy case styled *In re Ft. Howard Development, LLC*, No. 18-18061 (Bankr. D. Md. June 14, 2018) (Lipp, J.).

3

xviii.   "Memorandum" shall refer to the *State Court Receiver's Memorandum in Support of Its Motions for Fees, Costs, Damages and Sanctions* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xix.   "Motions" shall collectively refer to the Fees/Costs/Damages Motion, the Sanctions Motion and the Memorandum.

xx.   "Opposition" shall refer to the *Opposition by Petitioning Creditors to Motion for Sanctions and Damages* filed with the Court in the Involuntary Bankruptcy Case on September 14, 2018.

xxi.   "Person" shall be construed as an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

xxii.   "Receiver" shall refer to Gray and Associates, LLC, Fort Howard's receiver in the Receivership Case.

xxiii.   "Receivership Case" means that receivership case styled *Far Hydrant, LLC v. Ft. Howard Development, LLC (In re Ft. Howard Development LLC)*, No. 03-C-18-001606 (Balt. Cnty. Cir. Ct. Feb 15, 2018) (Truffer, J.).

xxiv.   "Relating or referring" and/or "relate or refer" shall be construed as constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

xxv.   "Requests" shall refer to the requests for production of Documents, Communications and other information listed below.

xxxix.   "Sanctions Motion" shall refer to the *State Court Receiver's Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* filed by the Receiver with the Court in the Involuntary Bankruptcy Case on September 4, 2018.

xl.   "Trinity" shall refer to Trinity Protections Services, Inc., and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Trinity Protections Services, Inc., including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

xli.   "Williams" shall refer to Mr. Carl S. Williams.

xlii.   "Woody" shall refer to Mr. David L. Woody.

xliii.   "Yeargin" shall refer to Mr. Carlos Yeargin.

4

xliv.    "You" or "Your" shall refer to Yeargin, any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Yeargin, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

xlv.    "Zarella" shall refer to Zarella Contractors, LLC, and any and all other Persons or entities acting or purporting to act directly or indirectly on behalf, or under the control, of Zarella Contractors, LLC, including any representatives, attorneys, advisors, consultants, officers, directors, employees or agents.

## II.    **INSTRUCTIONS**

a.    No paragraph shall be construed with reference to any other paragraph for purposes of limitation.

b.    In responding to these Requests, You shall produce all responsive Documents and Communications which are in Your possession, custody, or control.

c.    In responding to these Requests, You shall produce all responsive Documents and Communications available at the time of production and You shall supplement Your responses as required by Federal Rule of Civil Procedure 26(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7026.

d.    Each requested Document and Communication shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings.  If a Document or Communication responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents and Communications contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents and Communications are to be produced intact together with such file folders, loose-leaf binders, or notebooks.  All tabs and labels identifying such Documents, Communications, files, folders, binders, or notebooks shall be copied and produced together with such Documents and Communications.  Documents and Communications attached to each other should not be separated, and all such attached Documents and Communications shall be produced.

e.    If in response to a particular Request You provide a representation that You are unable to comply with a particular Request for any reason, You must provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request, (ii) specifying whether the inability to comply is because the particular Document, Communication, or category of Documents/Communications has never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer, in Your possession, custody, or control, and (iii) furnish a list specifying each Document and Communication and setting forth (a) the type of Document or Communication, (b) the general subject matter of the Document or Communication, (c) the date of the Document or Communication, and (d) the name(s) and address(es) of each Person known or believed to have

5

possession, custody, or control of that Document or Communication or category of Documents or Communications.

f.      If any Document or Communication responsive to these Requests or any portion of a Request response is withheld or redacted by You under a claim of privilege or immunity, You shall provide the information required by Local Bankruptcy Rule 7026-1(j), Appendix C, Guideline 10.d.

g.      Whenever necessary to bring within the scope of these Requests Documents, Communications or information that might otherwise be construed to be outside their scope: (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; (c) the disjunctive shall be deemed to include the conjunctive, and vice versa; and (d) all date ranges shall be inclusive of the first and last dates identified.

h.      These Requests are without prejudice to, or waiver of, the Receiver's rights to conduct further discovery or any arguments the Receiver may make in this proceeding.

## III.    <u>REQUESTS FOR PRODUCTION</u>

1. All Documents and Communications concerning Fort Howard or the Involuntary Bankruptcy Case exchanged by and among any of You, Zarella, Trinity, Woody and/or Williams over the period from April 1, 2018 to the present.

2. All of Your Financial Statements covering the period from January 1, 2014 to the present.

3. All of Your federal and state tax returns covering the period beginning with tax year 2014 to the present (in addition to any corresponding or related attachments, schedules, worksheets and amendments).

4. Documents sufficient to show Your current assets and liabilities.

5. All Documents and Communications referenced and/or identified in the Opposition.

6. All Documents and Communications upon which you will, or intend to, rely at the Hearing.

6

Dated: October 17, 2018

WHITEFORD TAYLOR & PRESTON LLP

John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:    (410) 347-9421
E-mail:          jcarlton@wtplaw.com
                     tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC,*
*the Receiver for Ft. Howard Development, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October 2018, a copy of the foregoing

*Receiver's Requests for Production of Documents by Carlos Yeargin* was served by hand-

delivery, electronic mail and first-class mail, postage prepaid, on the following:

Ronald J. Drescher, Esq.
Drescher & Associates, P.A.
4 Reservoir Circle, Suite 107
Baltimore, Maryland 21208
Rondrescher@drescherlaw.com

Todd M. Brooks

10014416

7