# EXHIBIT B

**GRAY & ASSOCIATES, LLC, RECEIVER**
**FOR FT. HOWARD DEVELOPMENT, LLC**
**401 HEADQUARTERS DRIVE**
**SUITE 205**
**MILLERSVILLE, MD 21108**
**(410) 729-8822**
**(410) 729-8881 (Fax)**

August 23, 2018

<u>**Via Hand Delivery**</u>

The Honorable Keith R. Truffer
Circuit Court for Baltimore County
County Courts Building, Room 342
401 Bosley Avenue
Towson, Maryland 21204

Re:   ***Far Hydrant, LLC v. Ft. Howard Development, LLC,***
       **Case No. 03-C-18-001606 (Feb. 15, 2018)   \*\*<u>RECEIVERSHIP CASE</u>\*\***

Dear Judge Truffer:

The Receiver in this case writes to update Your Honor on the status of this case, and to provide a courtesy copy of *Receiver's Motion for an Order Approving the Sale of Substantially All Assets of Fort Howard Development, LLC & Request for Hearing* (the "<u>Sale Motion</u>") and *Request for Hearing* thereon (the "<u>Hearing Request</u>") which the Receiver filed and served yesterday. As described below, if the Court determines that a hearing is necessary for the Sale Motion, the Receiver respectfully requests a hearing on September 13, 14 or 17, if the Court's calendar permits.

As Your Honor is aware, proceedings in this receivership case were stayed on June 14, 2018, when several parties organized and filed an involuntary bankruptcy petition against the receivership debtor, Ft. Howard Development, LLC ("<u>Fort Howard</u>"). Before the bankruptcy court, the Receiver moved to dismiss the involuntary bankruptcy case and obtained an August 21, 2018 trial date. On August 1, Your Honor entered an Order authorizing the Receiver to retain counsel, effective as of June 15, 2018, to address all matters in the involuntary bankruptcy case.

Following the trial on August 21, 2018, the bankruptcy court dismissed the involuntary bankruptcy case and scheduled a hearing on November 28, 2018, to consider the Receiver's motion to recover fees, costs and damages for injuries to this receivership estate. As articulated by the bankruptcy court, the question on November 28 "will be an issue of bad faith, and whether sanctions -- what the sanction should be." Thus, the automatic stay of proceedings in this receivership case has now been terminated, and the damages-phase of the bankruptcy proceedings will continue.

On August 22, 2018, with the bankruptcy stay lifted, the Receiver filed and served the Sale Motion asking the Court to approve the sale of Fort Howard's assets to the only party that submitted a bid under the terms of the sale procedures that Court approved on May 16, 2018—*i.e.*, the receivership petitioner, Far Hydrant, LLC and/or its designee, Himmelrich Associates, Inc.

Finally, with respect to the Hearing Request, the Receiver notes that the deadline for objections to the Sale Motion is Monday, September 10, 2018. The Receiver's principal will be out of the country from September 18, 2018 through October 4, 2018. The involuntary bankruptcy case has caused significant delays in this proceeding, and the Receiver is duty-bound and contractually-obligated to "promptly" seek a ruling on the Sale Motion. Thus, as noted above, if the Court's calendar permits, a ruling in advance of September 18 will assist the Receiver in the administration of the estate.

Sincerely,

GRAY & ASSOCIATES, LLC

G. Richard Gray
401 Headquarters Drive, Suite 205
Millersville, Maryland 21108
(410) 729-8822
richard@grayassoc.com

*Receiver for Ft. Howard Development, LLC*

cc:   Jeffrey Charlow, Esq. (by first-class mail)
      Thomas J. Dolina, Esq. (by first-class mail)
      Whitney E. Wilder, Esq. (by first-class mail)
      Timothy Munshell (by first-class mail)

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August 2018, the foregoing *Receiver's Motion for an Order Approving the Sale of Substantially all Assets of Ft. Howard Development,* was served upon the following parties by first class mail, postage pre-paid:

Allied Patriot, LLC
10721 Wayfarer Road
Germantown, Maryland 20876

Amcal Fort Howard Land, LLC
8700 Jericho City Drive
Landover, Maryland 20785

Architectural Testing, Inc.
P.O. Box 419241
Boston, Massachusetts 02241-9241

Donald E. Brand
Baltimore County Dept. of
  Permits, Approvals and
  Inspections
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

The Brickman Group Ltd. LLC
1301 Trimble Road
Edgewood, Maryland 21040

R. Brady Locher
Assistant Baltimore County Atty
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

Baltimore County Office
  of Budget and Finance
400 Washington Ave., Room 150
Towson, Maryland 21204

Baltimore Gas & Electric Co.
P.O. Box 1475
Baltimore, Maryland 21203

Ray Fink
Foxtrot Protective Services
115 Cedar Drive
York, Pennsylvania 17315

Gray & Son, Inc.
430 West Padonia Road
Timonium, Maryland 21093

Guardian Landscaping
2547 Lodge Forest Drive
Baltimore, Maryland 21219

Heisler, Williams & Lazzaro, LLC
102 West Pennsylvania Avenue,
Suite 200
Towson, Maryland 21204

HMS Insurance Associates, Inc.
20 Wight Ave., Suite 300
Hunt Valley, Maryland 21030

Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201

John A. Stalfort
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202-1487

MuniCap, Inc.
Public Finance
8965 Guilford Road, Suite 210
Columbia, Maryland 21046

MuniCap, Inc.
8775 Cloudleap Court, Ste P #89
Columbia, Maryland 21045

Timothy S. Munshell
18901 New Hampshire Ave.
Brinklow, Maryland 20862

18

State Court Documents
0003

Saul Ewing, LLP
500 East Pratt Street
Baltimore, Maryland 21202-3133

Towson Real Estate Services, LLC
1208 Boyce Avenue
Towson, Maryland 21204

Triple J Construction, Inc.
Attn: Ryan Orsini
P.O. Box 10127
Gaithersburg, Maryland 20898

Robert A. Hoffman, Esq.
Venable LLP
210 West Pennsylvania Ave., #500
Towson, Maryland 21204

Todd M. Brooks, Esq.
Whiteford Taylor & Preston LLP
7 St. Paul Street, Suite 1500
Baltimore, Maryland 21202

Carl Williams
9701 Apollo Drive, Suite 201
Largo, Maryland 20774

Carl Williams
8700 Jericho City Drive
Landover, Maryland 20785

Carl Williams
8799 Jericho City Drive
Landover, Maryland 20785

David L. Woody, Esq.
10721 Wayfarer Road
Germantown, Maryland 20876

Thomas J. Dolina, Esq.
Whitney E. Wilder, Esq.
Bodie, Dolina, Hobbs, Fridell
 & Grenzer P.C.
305 Washington Avenue, Ste 300
Towson, Maryland 21204

Jeffrey Charlow, Esq.
Charlow Law Group, LLC
305 Washington Avenue, Suite 300
Towson, Maryland 21204

G. Richard Gray

19

State Court Documents
0004

FAR HYDRANT, LLC,           *       IN THE
                            *
        Petitioner,         *       CIRCUIT COURT
                            *
    v.                      *       FOR
                            *
FT. HOWARD DEVELOPMENT, LLC,  *      BALTIMORE COUNTY
                            *
        Respondent.         *       Case No.  03-C-18-001606
                            *

*********************************************    *********************************************

## RECEIVER'S REQUEST FOR HEARING

Gray and Associates, LLC (the "Receiver"), hereby submits this request for a

hearing on *Receiver's Motion for an Order Approving the Sale of Substantially all Assets of Ft.*

*Howard Development*, which was filed and served by the Receiver on August 22, 2018.


Dated:   August 22, 2018

                                    _____
                                    G. Richard Gray
                                    Gray & Associates, LLC
                                    401 Headquarters Drive, Suite 205
                                    Millersville, Maryland 21108
                                    410-729-8822
                                    richard@grayassoc.com

1

State Court Documents
0005

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August 2018, the foregoing *Receiver's Request for Hearing,* was served upon the following parties by first class mail, postage pre-paid:

Allied Patriot, LLC
10721 Wayfarer Road
Germantown, Maryland 20876

Amcal Fort Howard Land, LLC
8700 Jericho City Drive
Landover, Maryland 20785

Architectural Testing, Inc.
P.O. Box 419241
Boston, Massachusetts 02241-9241

Donald E. Brand
Baltimore County Dept. of
  Permits, Approvals and
  Inspections
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

The Brickman Group Ltd. LLC
1301 Trimble Road
Edgewood, Maryland 21040

R. Brady Locher
Assistant Baltimore County Atty
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

Baltimore County Office
  of Budget and Finance
400 Washington Ave., Room 150
Towson, Maryland 21204

Baltimore Gas & Electric Co.
P.O. Box 1475
Baltimore, Maryland 21203

Ray Fink
Foxtrot Protective Services
115 Cedar Drive
York, Pennsylvania 17315

Gray & Son, Inc.
430 West Padonia Road
Timonium, Maryland 21093

Guardian Landscaping
2547 Lodge Forest Drive
Baltimore, Maryland 21219

Heisler, Williams & Lazzaro, LLC
102 West Pennsylvania Avenue,
Suite 200
Towson, Maryland 21204

HMS Insurance Associates, Inc.
20 Wight Ave., Suite 300
Hunt Valley, Maryland 21030

Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201

John A. Stalfort
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202-1487

MuniCap, Inc.
Public Finance
8965 Guilford Road, Suite 210
Columbia, Maryland 21046

MuniCap, Inc.
8775 Cloudleap Court, Ste P #89
Columbia, Maryland 21045

Timothy S. Munshell
18901 New Hampshire Ave.
Brinklow, Maryland 20862

2

Saul Ewing, LLP
500 East Pratt Street
Baltimore, Maryland 21202-3133

Towson Real Estate Services, LLC
1208 Boyce Avenue
Towson, Maryland 21204

Triple J Construction, Inc.
Attn: Ryan Orsini
P.O. Box 10127
Gaithersburg, Maryland 20898

Robert A. Hoffman, Esq.
Venable LLP
210 West Pennsylvania Ave., #500
Towson, Maryland 21204

Todd M. Brooks, Esq.
Whiteford Taylor & Preston LLP
7 St. Paul Street, Suite 1500
Baltimore, Maryland 21202

Carl Williams
9701 Apollo Drive, Suite 201
Largo, Maryland 20774

Carl Williams
8700 Jericho City Drive
Landover, Maryland 20785

Carl Williams
8799 Jericho City Drive
Landover, Maryland 20785

David L. Woody, Esq.
10721 Wayfarer Road
Germantown, Maryland 20876

Thomas J. Dolina, Esq.
Whitney E. Wilder, Esq.
Bodie, Dolina, Hobbs, Fridell
  & Grenzer P.C.
305 Washington Avenue, Ste 300
Towson, Maryland 21204

Jeffrey Charlow, Esq.
Charlow Law Group, LLC
305 Washington Avenue, Suite 300
Towson, Maryland 21204

G. Richard Gray

3

State Court Documents
0007

| | |
|---|---|
| FAR HYDRANT, LLC | IN THE |
| Petitioner, | CIRCUIT COURT |
| v. | FOR |
| FT. HOWARD DEVELOPMENT, LLC, | BALTIMORE COUNTY |
| Respondent. | Case No. 03-C-18-001606 |

## FAR HYDRANT, LLC'S RESPONSE IN SUPPORT OF RECEIVER'S MOTION FOR AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS OF FORT HOWARD DEVELOPMENT, LLC

Far Hydrant, LLC ("Far Hydrant"), the principal secured creditor and the stalking-horse contract bidder in this case, hereby submits this *Response in Support of Receiver's Motion for an Order Approving the Sale of Substantially all Assets of Fort Howard Development, LLC,* [Paper 61/0], and respectfully states as follows:

## I.   INTRODUCTION

1.      The Receiver's proposed sale of estate assets, which has been pending since April 26, 2018, should be given final approval by the Court.  On August 23, 2018, Gray and Associates, LLC, the Receiver (the "Receiver") for Ft. Howard Development, LLC ("Fort Howard"), filed *Receiver's Motion for an Order Approving the Sale of Substantially all Assets of Fort Howard Development, LLC* (the "Sale Motion") [Paper 61/0].  The Sale Motion seeks final approval of the Asset Purchase Agreement (the "APA") by and between the Receiver and Far Hydrant.  The APA was previously approved to be the "stalking horse" contract to be used by the Receiver in soliciting higher and better offers for the sale of substantially all of the assets of Fort Howard (the "Assets").

2.      Following the Court-ordered marketing and bid solicitation process, there have been no competing bids submitted to the Receiver that satisfy the sale procedures (the "Sale Procedures") approved by the Court on May 16, 2018 (the "Sale Procedures Order"), [Paper 39/0], and served on all creditors and parties-in-interest the following day. [Paper 40/0]. Accordingly, the sale process has been implemented and completed, and the Sale Motion should be granted and the Receiver should be authorized to close immediately on the sale of the Assets to Far Hydrant pursuant to the APA.

3.      The Objection to the Sale Motion (the "Objection"), [Paper 61/1], filed by one of Fort Howard's owners, Amcal Fort Howard Land, LLC ("Amcal"), and its owner Carl Williams, is untimely, without merit and should be overruled.  Of significance, after organizing and funding an involuntary bankruptcy petition that was filed in, and subsequently dismissed by, the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), Mr. Williams and Amcal now assert that the Receiver should further delay the sale process and consider other "bids" for the Assets that he attaches to the Objection.  Even if these so-called "bids" for the Assets were somehow timely, they are no more than loose, non-binding expressions of interest that fail (in numerous significant ways) to satisfy the Court's requirements for submitting a bid to purchase the Assets.

4.      These obstructing and redundant efforts by Amcal and Mr. Williams to interfere with and delay the sale should not be permitted to continue.  Far Hydrant has abided by the procedures and process approved by the Court and has suffered and continues to suffer the costs and expense caused by these unwarranted delays.  Equity and fairness alone require that the APA be approved and the proposed sale be allowed to close as soon as possible.

State Court Documents
0009

## II.    FACTUAL BACKGROUND

5.      On February 15, 2018, Far Hydrant petitioned the Court for the appointment of a receiver in equity (the "Petition"). [Paper 1/0] The Petition was opposed by Amcal and Mr. Williams. Following a contested trial on April 2, 2018, the Court entered the Receivership Order, [Paper 18/0], which (i) appointed the Receiver as the receiver for Fort Howard, (ii) vested the Receiver with possession and control over Fort Howard and all of its Assets, and (iii) authorized the Receiver to "market [the Assets] for sale, and sell [the Assets] (whether by auction or private sale) ...."

6.      Following the entry of the Receivership Order, Far Hydrant negotiated with the Receiver in good faith and reached agreement on the APA and ancillary documents, which ultimately resulted in the entry of the Sale Procedures Order. Far Hydrant agreed to the APA with the understanding that the APA would be subject to higher and better offers and that the Receiver would actively seek buyers to outbid Far Hydrant. Moreover, Far Hydrant understood that one of those potential competing bidders would be Armando Cignarale (or one of his entities), who had previously expressed an interest in buying the Assets and had been in active communication with the Receiver about possibly bidding on the assets since the appointment of the Receiver. At the same time, Far Hydrant understood and relied upon the provisions of the APA and the Sale Procedures Order that required the Receiver to expeditiously seek approval of the APA and close promptly, and that there would be absolute requirements to be met by competing bidders and an absolute deadline of June 15, 2018 for the submission of competing bids (defined as "Qualified Bids" in the Sale Procedures).

3

7.      Far Hydrant also agreed to the Receiver's request to enter into a financing agreement pursuant to which Far Hydrant funded the necessary expenses and costs of the receivership estate. Far Hydrant agreed to loan up to $100,000 to Fort Howard pursuant to that certain Receivership Credit Agreement, dated April 11, 2018, by and between Fort Howard and Far Hydrant (the "Loan Agreement"), which the Court approved on May 22, 2018. Pursuant to the Loan Agreement, Far Hydrant has financed all of the expenses that have been paid by the receivership estate since the appointment of the Receiver.[1]  Moreover, Far Hydrant, while funding the estate, relied upon the Sale Procedures Order, which sets forth deadlines by which the sale process had to be completed and, accordingly, limited the amount of time that the receivership estate would need to be funded by Far Hydrant, and, in effect, set the timeline for repayment of the loan.

8.      Amcal and Mr. Williams did not object to the motions seeking approval of either the Sale Procedures or the Loan Agreement. They took no issue with this Court as to the sale process or the manner in which the Receiver was operating the estate and incurring loan repayment obligations. In fact, they allowed the sale process and the receivership to proceed to the very end without any objection because they believed that their choice as the purchaser of the Assets, Armando Cignarale, would emerge from the sale process as the successful bidder.

9.      Then, after Mr. Cignarale notified the Receiver that he was withdrawing as a potential bidder at the close of the period to submit Qualified Bids, Mr. Williams organized, funded and caused the filing of an involuntary bankruptcy petition in the Bankruptcy Court initiating a bankruptcy case (the "Bankruptcy Case") and staying the receivership proceedings.

---

[1]    At the time of the Receivership Order Fort Howard had no cash and no income. The only funds available to the Receiver and Fort Howard to pay ongoing expenses have been the monies loaned by Far Hydrant to Fort Howard.

4

10.    The Receiver immediately sought the dismissal of the involuntary bankruptcy petition because, among other legal infirmities, it was filed in bad faith and designed to disrupt and, as the Receiver's principal, Richard Gray, told this Court from the witness stand, the bankruptcy petition was designed to "hijack" this receivership case and the sale process.  On August 21, 2018, the Bankruptcy Court dismissed the Bankruptcy Case and barred the petitioners that filed it from re-filing another involuntary bankruptcy petition.

11.    On August 23, 2018, following the dismissal of the Bankruptcy Case, the Receiver filed the Sale Motion.[2]

12.    Mr. Williams and Amcal, by filing the Objection wrongfully and without merit, seek to further delay these proceedings.

## III.    DISCUSSION

13.    The Objection should be overruled and the sale of the Assets to Far Hydrant pursuant to the APA should be approved.  The process and procedures fully considered and approved by this Court (and never objected to by Mr. Williams or Amcal) should be concluded with the approval and closing of the sale of the Assets to Far Hydrant pursuant to the APA.  While Far Hydrant has abided by the process ordered by the Court, Mr. Williams and Amcal have not, and further have acted in bad faith to impede and disrupt this Court's sale process.  They come to this Court with unclean hands, professing to seek equity.  Moreover, the actions of

---

[2]    In the Objection Amcal asserts that the Sale Motion was filed before the Bankruptcy Case was dismissed and therefore, while the automatic bankruptcy stay was still in place, arguing that the Bankruptcy Case was not dismissed until the Order dismissing the case was entered on the docket.  However, Mr. Williams was present in Bankruptcy Court on August 21 when the Bankruptcy Court, in response to counsel for the petitioning creditors, affirmed that the case was dismissed as of the oral ruling at the trial:

MR. DRESCHER:          *The case hasn't been dismissed yet.*

THE COURT:          *I've dismissed. We're talking about -- I have -- we're talking about damages at this point.*

The bankruptcy stay was thus terminated at "the time the case [was] dismissed." *See* 11 U.S.C. §362(c)(2)(B).

5

Mr. Williams and Amcal have served to increase the risk that the principal asset of the estate, the VA Lease (as defined below), will be terminated and its value forever lost to the receivership estate.

A. **FAR HYDRANT ENTERED INTO THE APA WITH THE RECEIVER IN GOOD FAITH AND HAS ABIDED BY ALL OF THE REQUIREMENTS IMPOSED BY THE COURT AND THE RECEIVER**

14.    The sale process was proposed by the Receiver and approved by the Court to provide all parties with an appropriate and fair opportunity to submit offers to purchase the Assets.  Far Hydrant abided by these procedures.  In the APA, Far Hydrant agreed to the disclosure of its negotiated APA to the public and to subject it to competing offers.  Far Hydrant also agreed to a process that allowed other parties to ride its coat-tails and enjoy the benefits of Far Hydrant's due diligence as well as its work in negotiating an asset purchase agreement that was designed to be the template to facilitate the submission of competing offers.

15.    To be fair, by agreeing to be the stalking horse, Far Hydrant was provided with certain protections, including compensation in the form of the break-up fee should it be outbid at auction.  But, most-importantly, Far Hydrant understood and relied upon the firm deadline of June 15, 2018 for the submission of competing bids, to be followed shortly by an auction and final Court approval of the sale.  This deadline was important to Far Hydrant for two reasons: (i) it provided all parties with certainty and a level playing field in knowing when bids would be due and an auction would be held and (ii) it set a predictable period during which the estate and its lender (Far Hydrant) would need to fund operations.

6

**B.** **AMCAL AND CARL WILLIAMS HAVE ACTED TO DISRUPT THE SALE PROCESS AND THE RECEIVERSHIP PROCEEDINGS AND COME TO THIS COURT WITH UNCLEAN HANDS**

16.     While Far Hydrant followed and abided by the procedures approved by this Court, Amcal and Carl Williams have done their best to interfere with and undermine that sale process, especially when it did not suit their needs. As such, in seeking equity from this Court, they flout the long established legal maxim of "he who seeks equity must do equity."

17.     Under Maryland law the unclean hands doctrine has been summarized as follows:

> The equitable doctrine of unclean hands is designed to prevent the court from assisting in fraud or other inequitable conduct. It is available to deny relief to those guilty of unlawful or inequitable conduct with respect to the matter for which relief is sought. It is not applied for the protection of the parties nor as a punishment to the wrongdoer. *Instead, it protects the integrity of the court and the judicial process by denying relief to those persons whose very presence before a court is the result of some fraud or inequity.*

*Mona v. Mona Electric Group, Inc.*, 176 Md. App. 672, 714 (2007) (emphasis added) (internal quotation marks and citations omitted); *see also Hlista v. Altevogt*, 239 Md. 43, 48 (1965). Thus, the unclean hands doctrine is intended to protect the courts from having to approve or reward inequitable conduct. *Mona*, 176 Md. App. at 714. "Its purpose is to safeguard the judicial process." *Id.*

18.     Amcal and Mr. Williams have acted inequitably multiple times and in several ways that directly relate to the proposed sale of the Assets by the Receiver. They fully allowed the sale process to go forward, and then when it did not turn out as they hoped, they orchestrated the bad faith involuntary bankruptcy filing. To change the sale process for them after it has been completed would be to reward Amcal and Mr. Williams for their patently inequitable conduct.

19.     Amcal argues that the Court should not approve the proposed sale to Far Hydrant because Mr. Cignarale (Mr. Williams' "white knight") is ready to make a "conditional offer" to purchase the Assets. The Receiver has already proven to this Court and the Bankruptcy Court

7

that it was only after Mr. Cignarale expressly withdrew from any bidding on the Assets on June

13, that Mr. Williams, and his counsel Mr. Woody, caused the filing of the involuntary petition

in an effort to stop the sale to Far Hydrant.  As the Receiver explained to this Court on July 19,

2018:

> In the record before the Bankruptcy Court, it is admitted that Mr. Woody
> and Mr. Williams organized and participated in the Involuntary Petition and filed
> it on June 14 to prevent the Receiver from filing a motion as early as *the next
> day*—on June 15—seeking this Court's approval of the sale of Fort Howard's
> assets. *See* Exhibit 4, Woody Depo. Tr. at 30–31, 37–43, 44–45, 49.  In April, the
> Receiver filed a motion to (i) approve its entry into a stalking horse contract with
> the receivership petitioner in this case, Far Hydrant, LLC (the "Petitioner"), and
> (ii) approve a set of public marketing and sale procedures for sale of Fort
> Howard's assets (the "Sale Procedures Motion"). [Paper 30].  In May, three
> weeks after the Receiver filed the Sale Procedures Motion, **and in the absence of
> any objections**, the Court entered an Order authorizing the Receiver to enter into
> the stalking horse contract with the Petitioner and authorizing the Receiver to
> commence the sale process (the "Sale Procedures Order"). [Paper 39].  The
> Receiver completed the sale process in advance of a public auction scheduled for
> June 21, 2018.  Although four parties expressed an interest in acquiring the assets,
> none submitted a bid by the deadline and, therefore, the Receiver canceled the
> June 21 auction.
>
> The Court will recall Mr. Woody's insistence at the March 28 receivership
> trial that the Court should not enter the Receivership Order because Mr. Armando
> Cignarale—who is Mr. Williams's (false) "white knight"—was purportedly
> prepared to pay *Mr. Williams* $1.5 million to acquire his 50% interest in
> Fort Howard, and was also prepared to pay Fort Howard's other 50% owner,
> Allied Patriot, LLC (which is solely-owned by Mr. Timothy Munshell) another
> $1.5 million.  Despite the Receiver's extensive efforts to obtain a bid from Mr.
> Cignarale to acquire Fort Howard's assets through the Court-approved sale
> process, to which no party objected, Mr. Cignarale refused to make an initial offer
> of even $1 million.  On June 13, Mr. Cignarale walked away from the sale,
> writing to the Receiver that, after performing due diligence, he concluded that it
> was **"amazing that anyone would purchase this property."** *See* Exhibit 5.

*Receiver's Emergency Application to Retain Bankruptcy Counsel, Effective as of June 15, 2018,*

*in Advance of the August 21, 2018 Trial before the U.S. Bankruptcy Court for the District of*

*Maryland* at 3-4 (emphasis in original).  [Paper 53/0]

8

20.     The Bankruptcy Court has already found that the filing of the Bankruptcy Case, organized and funded by Mr. Williams, was unlawful under bankruptcy law.  In addition, the actions of Mr. Williams (and those who assisted him) were unlawful under the Receivership Order which provides that,

> Carl Williams ... shall not oppose, impede, obstruct, hinder, enjoin, delay or otherwise interfere with the Receiver or any of the functions, activities or performances that the Receiver undertakes in connection with this Receivership Order, including, without limitation any effort by the Receiver to ... market and sell Receivership Property....

Receivership Order at 5.

21.     It is beyond peradventure that Mr. Williams' efforts to organize and fund the ill-fated Bankruptcy Case was a blatant disregard for, and a violation of, the Receivership Order. The fact that Mr. Williams waited only until his preferred buyer, Mr. Cignarale, withdrew from the sale process before embarking on the wasteful detour into Bankruptcy Court, makes his already unlawful actions more egregious.  Amcal and Mr. Williams should be prohibited from now seeking equitable relief from this Court under the doctrine of unclean hands.  They have damaged this receivership estate in an amount exceeding $348,000,[3] and there is no scenario in which Amcal and Mr. Williams should be afforded any relief—whether for themselves or a third party—when such egregious conduct has been pursued.

### C.     THE VA LEASE

25.     As the Court is aware, the principal asset of the receivership estate is Fort Howard's lease of approximately 103 acres (the "VA Lease") with the United States Veterans' Administration (the "VA").  As the Court acknowledged in its Opinion granting Far Hydrant's Petition for Appointment of Receiver (the "Opinion"), [Paper 17/0], there has been and remains

---

[3]     On August 21, 2018, the Bankruptcy Court instructed the Receiver to file a motion in support of its claim for fees, costs and damages to this receivership estate.  On September 4, 2018, the Receiver filed a brief with the Bankruptcy Court in which it sought $348,036.60 in fees, costs and damages.

9

the risk that the VA will terminate the VA Lease due to existing defaults under the VA Lease. Opinion, n. 1. As Mr. Gray previously testified, he has made great efforts to keep the VA satisfied during the receivership case and the Bankruptcy Case, and has ongoing concerns because "the VA has let me know that they have the right to terminate the lease." *See* 07/31/18 Tr. at 60.

26. Far Hydrant believes that the Receiver has done a good job keeping the VA both informed of, and satisfied with, the Receiver's progress for a sale of the Assets. However, it is clear from the record of this case that there continues to be the risk that the VA will lose its patience, a situation that is only exacerbated by the ongoing efforts of Mr. Williams and Amcal to disrupt and delay the sale process. Every day of delay increases those risks.

## IV.    CONCLUSION

27. The Court should overrule the objection to the sale, especially given the unclean hands of the parties asking that the sale process be re-opened. Far Hydrant and the Receiver have abided by all of the court-approved sale procedures. Amcal, Mr. Williams and their cohorts, as well as Mr. Cignarale, have not. The delays these parties have caused to date have resulted in unnecessary expense and an increased risk of the loss of the VA Lease. The proposed sale should be approved.

State Court Documents
0017

WHEREFORE, for all of the foregoing reasons, Far Hydrant respectfully requests this Court to enter an Order (i) overruling the Objection and (ii) granting the Sale Motion.

Dated:  September 7, 2018

WHITEFORD TAYLOR & PRESTON LLP

Todd M. Brooks
John F. Carlton
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:      (410) 347-9421
E-mail:            jcarlton@wtplaw.com
                      tbrooks@wtplaw.com

*Counsel for Far Hydrant, LLC*

11

State Court Documents
0018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 7th day of September, 2018, I served a copy of the foregoing Response and each of the attachments thereto, on each of the parties identified below by first-class mail, postage prepaid:

| | | |
|---|---|---|
| Allied Patriot, LLC<br>10721 Wayfarer Road<br>Germantown, Maryland 20876 | Amcal Fort Howard Land, LLC<br>8700 Jericho City Drive<br>Landover, Maryland 20785 | Architectural Testing, Inc.<br>P.O. Box 419241<br>Boston, Massachusetts 02241-9241 |
| Donald E. Brand<br>Baltimore County Dept. of<br>  Permits, Approvals and<br>  Inspections<br>111 West Chesapeake Ave.<br>Room 112<br>Towson, Maryland 21204 | The Brickman Group Ltd. LLC<br>1301 Trimble Road<br>Edgewood, Maryland 21040 | R. Brady Locher<br>Assistant Baltimore County Atty<br>111 West Chesapeake Ave.<br>Room 112<br>Towson, Maryland 21204 |
| Baltimore County Office<br>  of Budget and Finance<br>400 Washington Ave., Room 150<br>Towson, Maryland 21204 | Baltimore Gas & Electric Co.<br>P.O. Box 1475<br>Baltimore, Maryland 21203 | Ray Fink<br>Foxtrot Protective Services<br>115 Cedar Drive<br>York, Pennsylvania 17315 |
| Gray & Son, Inc.<br>430 West Padonia Road<br>Timonium, Maryland 21093 | Guardian Landscaping<br>2547 Lodge Forest Drive<br>Baltimore, Maryland 21219 | Heisler, Williams & Lazzaro, LLC<br>102 West Pennsylvania Ave., Ste 200<br>Towson, Maryland 21204 |
| HMS Insurance Associates, Inc.<br>20 Wight Ave., Suite 300<br>Hunt Valley, Maryland 21030 | Kramon & Graham, P.A.<br>One South Street, Suite 2600<br>Baltimore, Maryland 21202-3201 | John A. Stalfort<br>Miles & Stockbridge P.C.<br>100 Light Street<br>Baltimore, Maryland 21202-1487 |
| MuniCap, Inc.<br>Public Finance<br>8965 Guilford Road, Suite 210<br>Columbia, Maryland 21046 | MuniCap, Inc.<br>8775 Cloudleap Court, Ste P #89<br>Columbia, Maryland 21045 | Timothy S. Munshell<br>18901 New Hampshire Ave.<br>Brinklow, Maryland 20862 |
| Saul Ewing, LLP<br>500 East Pratt Street<br>Baltimore, Maryland 21202-3133 | Towson Real Estate Services, LLC<br>1208 Boyce Avenue<br>Towson, Maryland 21204 | Triple J Construction, Inc.<br>Attn: Ryan Orsini<br>P.O. Box 10127<br>Gaithersburg, Maryland 20898 |
| Robert A. Hoffman, Esquire | Carl Williams | Carl Williams |

12

Venable LLP
210 West Pennsylvania Ave., #500
Towson, Maryland 21204

9701 Apollo Drive, Suite 201
Largo, Maryland 20774

8700 Jericho City Drive
Landover, Maryland 20785

Carl Williams
8799 Jericho City Drive
Landover, Maryland 20785

David L. Woody, Esquire
10721 Wayfarer Road
Germantown, Maryland 20876

Jeffrey Charlow, Esquire
Charlow Law Group, LLC
305 Washington Avenue, Suite 300
Towson, Maryland 21204

Thomas J. Dolina, Esquire
Whitney E. Wilder, Esquire
Bodie, Dolina, Hobbs, Fridell
 & Grenzer P.C.
305 Washington Avenue, Ste 300
Towson, Maryland 21204

_____
Todd M. Brooks

10003552

13

| | | |
|---|---|---|
| FAR HYDRANT, LLC, | * | IN THE |
| | * | |
| Petitioner, | * | CIRCUIT COURT |
| | * | |
| v. | * | FOR |
| | * | |
| FT. HOWARD DEVELOPMENT, LLC, | * | BALTIMORE COUNTY |
| | * | |
| Respondent. | * | Case No.  03-C-18-001606 |
| | * | |

**************************************************     **************************************************

**RECEIVER'S
MARYLAND RULE 13-203
<u>SCHEDULE OF PROPERTY AND DEBTS</u>**

SCHEDULE OF PROPERTY AND DEBTS

Name of Debtor:    Fort Howard Development, LLC

Address:            9600 North Point Rd., Fort Howard, MD 21052

Nature of Business: Development pursuant to Enhanced Use Lease

I solemnly affirm under the penalties of perjury that the contents of the attached schedule are true to the best of my knowledge, information, and belief.

_9. 5. 18_

Ft Howard Development, LLC, by Gray & Associates, LLC, Receiver and Attorney-in-Fact

A. Property of debtor.

The assets of the debtor consist of that certain Enhanced Use Lease with the United States Department of Veterans Affairs for the property located at 9600 North Point Rd., Fort Howard, Md 21052 dated December 27, 2011, as modified by a June 26, 2014 amendment.

Estimated Market Value of the asset is contingent and unknown due to the default status of the sole asset, but is estimated to be between $500,000 and $1,000,000

Liens or encumbrances consist of (a) a judgment dated January 20, 2017 in favor of Client Services, LLC, subsequently assigned to Far Hydrant, LLC, which as of April, 2018 exceeded $110,000.00, and (b) a judgment dated March 17, 2017 in favor of Smith Gildea & Schmidt, LLC, subsequently assigned to Far Hydrant, LLC, which as of April, 2018 exceeded $357,370.00.

B. Debts and taxes owed by debtor. The Schedule of debts owed by Fort Howard Development, LLC is based upon the review of the company's books and records. Several of the creditors listed have filed proofs of claims for amounts that differ from those listed herein. This Schedule is not intended to challenge any filed claim. The Receiver has not competed its analysis of filed claims and reserves the right to challenge or object to any claim and revise this schedule.

Secured claims:

(a) a judgment dated January 20, 2017 in favor of Client Services, LLC, subsequently assigned to Far Hydrant, LLC, which as of April, 2018 exceeded $110,000.00, and (b) a judgment dated March 17, 2017 in favor of Smith Gildea & Schmidt, LLC, subsequently assigned to Far Hydrant, LLC, which as of April, 2018 exceeded $357,370.00.

Unsecured Claims:

| | |
|---|---|
| Baltimore County | $68,000 |
| Baltimore County | $13,270 |
| Baltimore Gas & Electric | $23,000 |
| FoxTrot Security | $27,991 |
| Gray & Sons | $21,925 |
| Guardian Landscaping | $16,929 |
| HMS Insurance | $4,395 |
| Intertech | $13,433 |
| Kramon & Graham, P.A. | $8,852 |
| Venable, LLP | $25,393 |
| Towson Real Estate Svcs | $7,900 |
| Brickman Group | $10,279 |
| Heisler, Williams, Lazzaro | $3,225 |
| Miles & Stockbridge | $14,099 |
| Municap | $6,766 |
| Saul Ewing | $11,331 |
| Himmelrich Associates | $250,000 (estimated) |
| Far Hydrant, LLC | $100,000 (estimated) |
| Tim Munshell | Unknown |
| Carl Williams | Unknown |
| David Woody | Unknown |

All of the above are believed to be unsecured and not contingent in nature. Investigation is ongoing and many of the claims may be disputed.

Addresses:

Architectural Testing, Inc. (fka
Intertech)
P.O. Box 419241
Boston, Massachusetts 02241-9241

Donald E. Brand
Baltimore County Dept. of
  Permits, Approvals and
  Inspections
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

The Brickman Group Ltd. LLC
1301 Trimble Road
Edgewood, Maryland 21040

R. Brady Locher
Assistant Baltimore County Atty
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

Baltimore County Office
  of Budget and Finance
400 Washington Ave., Room 150
Towson, Maryland 21204

Baltimore Gas & Electric Co.
P.O. Box 1475
Baltimore, Maryland 21203

Ray Fink
Foxtrot Protective Services
115 Cedar Drive
York, Pennsylvania 17315

Gray & Son, Inc.
430 West Padonia Road
Timonium, Maryland 21093

Andy West
Guardian Landscaping
2547 Lodge Forest Drive
Baltimore, Maryland 21219

Heisler, Williams & Lazzaro, LLC
102 West Pennsylvania Avenue,
Suite 200
Towson, Maryland 21204

HMS Insurance Associates, Inc.
20 Wight Ave., Suite 300
Hunt Valley, Maryland 21030

Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201

John A. Stalfort
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202-1487

MuniCap, Inc.
Public Finance
8965 Guilford Road, Suite 210
Columbia, Maryland 21046

MuniCap, Inc.
8775 Cloudleap Court, Ste P #89
Columbia, Maryland 21045

Timothy S. Munshell
18901 New Hampshire Ave.
Brinklow, Maryland 20862

Saul Ewing, LLP
500 East Pratt Street
Baltimore, Maryland 21202-3133

Towson Real Estate Services, LLC
1208 Boyce Avenue
Towson, Maryland 21204

Himmelrich Associates
1340 Smith Avenue, Suite 200
Baltimore, MD 21209

Venable LLP
210 West Pennsylvania Ave., #500
Towson, Maryland 21204

Carl Williams
9701 Apollo Drive, Suite 201
Largo, Maryland 20774

David L. Woody, Esq.
10721 Wayfarer Road
Germantown, Maryland 20876

Far Hydrant, LLC
1340 Smith Avenue, Suite 200
Baltimore, MD 21209

**C.** Recent transfers.

**1.** Did the Debtor transfer or dispose of any property, other than in the ordinary course of business, to a spouse during the three years immediately preceding the making of the assignment for the benefit of creditors or the appointment of the receiver?

No

**2.** Did the Debtor transfer or dispose of any property, other than in the ordinary course of business, to anyone other than a spouse during a period of one year immediately preceding the making of the assignment for the benefit of creditors or the appointment of the receiver?

No

**3.** If the answer to either of the above questions is "Yes," give the following information as to each transfer or disposition:

Transferee and  Consideration
Date of transfer    Description      and disposition
or disposition      of property     thereof
relation to debtor, if any

**D.** Property claimed as exempt (applies only to individuals).

Nature and                          Basis for       Estimated
description       Location          exemption       market value

Not applicable.

State Court Documents
0025

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2018, the foregoing *Receiver's Maryland Rule 12-203 Schedule of Property and Debts* was served upon the following parties by first class mail, postage pre-paid:

Allied Patriot, LLC
10721 Wayfarer Road
Germantown, Maryland 20876

Amcal Fort Howard Land, LLC
8700 Jericho City Drive
Landover, Maryland 20785

Architectural Testing, Inc.
P.O. Box 419241
Boston, Massachusetts 02241-9241

Donald E. Brand
Baltimore County Dept. of
  Permits, Approvals and
  Inspections
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

The Brickman Group Ltd. LLC
1301 Trimble Road
Edgewood, Maryland 21040

R. Brady Locher
Assistant Baltimore County Atty
111 West Chesapeake Ave.
Room 112
Towson, Maryland 21204

Baltimore County Office
  of Budget and Finance
400 Washington Ave., Room 150
Towson, Maryland 21204

Baltimore Gas & Electric Co.
P.O. Box 1475
Baltimore, Maryland 21203

Ray Fink
Foxtrot Protective Services
115 Cedar Drive
York, Pennsylvania 17315

Gray & Son, Inc.
430 West Padonia Road
Timonium, Maryland 21093

Guardian Landscaping
2547 Lodge Forest Drive
Baltimore, Maryland 21219

Heisler, Williams & Lazzaro, LLC
102 West Pennsylvania Avenue
Suite 200
Towson, Maryland 21204

HMS Insurance Associates, Inc.
20 Wight Ave., Suite 300
Hunt Valley, Maryland 21030

Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201

John A. Stalfort
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202-1487

MuniCap, Inc.
Public Finance
8965 Guilford Road, Suite 210
Columbia, Maryland 21046

MuniCap, Inc.
8775 Cloudleap Court, Ste P #89
Columbia, Maryland 21045

Timothy S. Munshell
18901 New Hampshire Ave.
Brinklow, Maryland 20862

Saul Ewing, LLP
500 East Pratt Street
Baltimore, Maryland 21202-3133

Towson Real Estate Services, LLC
1208 Boyce Avenue
Towson, Maryland 21204

Triple J Construction, Inc.
Attn: Ryan Orsini
P.O. Box 10127
Gaithersburg, Maryland 20898

Robert A. Hoffman, Esquire
Venable LLP
210 West Pennsylvania Ave., #500
Towson, Maryland 21204

Todd M. Brooks, Esquire
Whiteford Taylor & Preston LLP
7 St. Paul Street, Suite 1500
Baltimore, Maryland 21202

Carl Williams
9701 Apollo Drive, Suite 201
Largo, Maryland 20774

Carl Williams
8700 Jericho City Drive
Landover, Maryland 20785

Carl Williams
8799 Jericho City Drive
Landover, Maryland 20785

David L. Woody, Esquire
10721 Wayfarer Road
Germantown, Maryland 20876

Thomas J. Dolina, Esquire
Whitney E. Wilder, Esquire
Bodie, Dolina, Hobbs, Fridell
  & Grenzer P.C.
305 Washington Avenue, Ste 300
Towson, Maryland 21204

Jeffrey Charlow, Esquire
Charlow Law Group, LLC
305 Washington Avenue, Suite 300
Towson, Maryland 21204

G. Richard Gray