IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**FT. HOWARD DEVELOPMENT, LLC,**<br><br>Alleged Debtor. | Case No. 18-18061 (WIL)<br><br>Chapter 11 (Involuntary) |

**STATE COURT RECEIVER'S RESPONSE TO**
**EMERGENCY MOTION TO STAY OR LIMIT DISCOVERY**

Gray and Associates, LLC (the "Receiver"), the state court receiver for the alleged debtor in the above-captioned case, Ft. Howard Development, LLC ("Fort Howard"), by its undersigned bankruptcy counsel, hereby files this response to the *Emergency Motion to Stay Discovery or, in the Alternative, for Protective Order on Notices of Deposition and Requests for Production of Documents Propounded by Receiver; Supplemental Memorandum in Support of Motion to Reconsider and to Deny Damages and Sanctions* (the "Motion"), [D.I. 74], filed by David L. Woody, Carlos Yeargin and Trinity Protection Services, Inc. (together, the "Petitioners") and Ronald J. Drescher and Drescher & Associates, P.A., and respectfully states as follows:

**I.      INTRODUCTION**

1.      Two months ago, on August 21, 2018, the Court dismissed the Petitioners' involuntary petition (because "there were not three eligible creditors") and scheduled an evidentiary hearing for November 28, 2018 to "move forward with damages" and determine "what the sanction should be."  *See* 08/21/18 Tr. at 51:4, 53:22, 53:24–25, 63:9–10.

2.      The November 28 hearing is one month from now, which is why the Receiver issued narrowly-tailored discovery last week, on October 17, 2018.

3. The Receiver noticed a deposition of, and requested a limited production of documents from, each of the Petitioners and their counsel—*i.e.*, the parties whose conduct is at issue in the contested matter that will be heard on November 28. The Receiver does not anticipate that any of the depositions will exceed two hours (which is apparent on the face of the deposition notices). Further, each of the Receiver's requests for production are confined to three general categories of information: (i) a limited set of financial records that bear upon any "inability to pay" defense with respect to the Receiver's requests for punitive damages and sanctions, (ii) documents that the Petitioners and their counsel intend to rely upon at the November 28 hearing and have relied upon in their opposition to the Receiver's motions for fees, costs, damages and sanctions, and (iii) written communications exchanged among the Petitioners and/or Carl Spencer Williams (who organized the involuntary petition).

4. There is nothing extraordinary or overbroad about these requests for production of documents—especially in light of the nature of the hearing on November 28. In the Motion, however, the Petitioners seek to "postpone" or "stay" the Receiver's discovery because the Court has not yet ruled on their meritless argument that a state court receiver may not obtain "fees" and "costs" pursuant to section 303(i)(1) of the Bankruptcy Code. But even if "damages" and "sanctions" are the only two categories of claims before the Court at the November 28 hearing, those are the only two categories of claims that are at issue in the Receiver's discovery requests. Thus, there is no basis to "postpone" or "stay" the Receiver's discovery, which is designed to obtain information concerning "damages" and "sanctions" in advance of November 28.

5. The Petitioners and their counsel also assert that the Receiver's discovery requests are "vexatious" and "oppressive." This is not the case at all. Two of the Receiver's requests for documents are *standard* production requests in advance of an evidentiary hearing on a contested

2

matter—*i.e.*, (i) documents that a party has relied upon and intends to rely upon at the hearing, and (ii) non-privileged communications among the parties.  The third category of documents—*i.e.*, expressly-limited financial records—are standard production requests for a "damages" and "sanctions" hearing because the Receiver needs to evaluate the "inability to pay" defense that the Petitioners or their counsel have asserted to avoid the imposition of punitive damages and sanctions.  Indeed, the Petitioners and their counsel concede that such financial records are relevant, but they argue that they should not be required to produce financial records at this time because the Court should conduct a <u>second</u> hearing on sanctions "if the Court would indicate an intent to impose sanctions" at the November 28 hearing.  This request for a two-part "sanctions" hearing is not what the Court announced at the August 21 trial, which is why the Receiver has sought "inability to pay" discovery at this time in connection with the Receiver's request for sanctions.

6.      Contrary to counsel's certification that he "made a good faith effort to resolve the issues raised in the Motion prior to the filing," *see* Motion at 16, the Petitioners' counsel did not communicate at all with the Receiver's counsel prior to filing the Motion.  Instead, separate counsel retained by his insurance carrier requested that the Receiver "postpone" discovery until the Court rules on whether the Receiver may recover fees and costs at the November 28 hearing. *See* **Exhibit A**.  Given that the November 28 hearing is just five weeks from now, the Receiver was not able to agree to postpone discovery.  *See id*.  Insurance counsel did not seek to resolve—or even raise—any of the additional arguments asserted in the Motion.  *See id*.  In any event, these additional arguments are without merit as explained below.

3

## II.     SUMMARY OF PROCEDURAL AND FACTUAL BACKGROUND

7.     On June 14, 2018, David L. Woody, Trinity Protection Services, Inc. ("<u>Trinity</u>"), and Zarella Contractors, LLC ("<u>Zarella</u>") filed an involuntary bankruptcy petition against Fort Howard (the "<u>Involuntary Petition</u>"). [D.I. 01]. It is admitted that the State of Maryland had forfeited Petitioners Trinity's corporate charter prior to June 14, 2018. *See, e.g.,* Receiver's Trial Ex. 20.

8.     On June 15, 2018, the Receiver's bankruptcy counsel sent a letter to the Petitioners' counsel, urging the Petitioners to withdraw the Involuntary Petition because it was filed "in bad faith," was "being pursued for an improper purpose," and "the assertions in [the] Involuntary Petition d[id] not have evidentiary support." *See* Petitioners' Trial Ex. 26. Four days later, the Receiver filed a motion to dismiss the involuntary petition. [D.I. 06].

9.     On July 3, 2018, Petitioners Woody, Trinity and Zarella filed an opposition to the Receiver's motion to dismiss. [D.I. 14].

10.     On August 20, 2018, the Petitioners filed a *Statement of Revival of Charter for Trinity Protection Services, Inc.*, stating that Petitioner Trinity "has revived its charter" and "will re-join the involuntary petition filed to commence this case." [D.I. 47].

11.     At the August 21, 2018 trial, the Court dismissed the Petitioners' involuntary petition pursuant to section 303(b)(1) of the Bankruptcy Code on a threshold ruling that "there were not three eligible creditors" because the State of Maryland had forfeited Petitioner Trinity's corporate charter prior to June 14, 2018. *See, e.g.,* 08/21/18 Tr. at 49:1–51:4, 53:21–25. In so ruling, **the Court rejected the Petitioners' argument that a state court receiver does not have standing to move to dismiss an involuntary petition pursuant to the plain language of**

4

**section 303(d) of the Bankruptcy Code**. *See id.* at 52:6–54:2. The Court also imposed a temporary bar on any new involuntary petitions against Fort Howard. *See id*. at 59:3–5.

12. After the Court concluded that it would dismiss the involuntary petition and that "[t]he matter can go forward in the [R]eceivership [C]ase," *see id*. at 57:15–16; *see also* 63:1–2, **the Court scheduled an evidentiary hearing for November 28, 2018 to "move forward with damages" and determine "what the sanction should be**." *See id*. at 51:4, 53:22, 63:9–10 (emphasis added). The Court determined that the Receiver's case for dismissal on the additional grounds of "bad faith" and "abstention" would be heard in conjunction with the November 28 hearing, *see, e.g., id*. at 33:23–34:17, 37:20–38:5, 51:3, and also indicated that the Receiver "may expedite things" by presenting, in advance of the November 28 hearing, the Receiver's claims for fees, costs, damages and sanctions. *See id*. at 61:11–14.

13. At the hearing, the Petitioners' counsel asserted that a state court receiver is not entitled to recover damages pursuant to the plain language of section 303(i) of the Bankruptcy Code—a proposition with which the Receiver disagreed. *See, e.g., id*. at 54:3–5, 55:15–56:18. As a result, the Court requested that the parties file briefs to address the dispute, *see, e.g., id*. at 57:18–24, stating that "before I allow a hearing on damages, I want to make sure that [the Petitioners' counsel is] not wrong … and we'll get some briefing on it." *See id*. at 57:9–11. The Court also requested that the parties file briefs to address whether the bar against a new involuntary petition should be extended for an additional period of time. *See, e.g., id*. at 58:5–25.

14. On August 23, 2018, the Court entered an *Order Dismissing Involuntary Bankruptcy Case and Temporarily Barring Further Involuntary Petitions* (the "Dismissal Order"). [D.I. 52]. The Dismissal Order permitted the parties to file, on or before September 4, 2018, an opening brief on (i) whether a state court receiver may recover fees, costs and damages

5

and (ii) whether the Court may extend the injunction prohibiting a new involuntary bankruptcy filing against Fort Howard. *See* Dismissal Order at 2. The Dismissal Order also permitted responsive briefs, which were due on or before September 14, 2018. *See id*.

15. On August 31, 2018, the Petitioners and their counsel filed a motion to vacate the Dismissal Order (the "Motion to Vacate"), [D.I. 55], in which they argued that (i) the Receiver could not recover fees, costs and damages and (ii) the Court should not extend the bar against additional involuntary petitions.

16. On September 4, 2018, the Receiver filed (i) a motion to extend the temporary bar on new involuntary petitions against Fort Howard, [D.I. 57], (ii) a motion for fees, costs and damages pursuant to section 303(i) of the Bankruptcy Code (the "Damages Motion"), [D.I. 58], (iii) a motion for sanctions pursuant to Bankruptcy Rule 9011 (the "Sanctions Motion"), [D.I. 59], and (iv) a brief in support of the Damages Motion and the Sanctions Motion (the "Damages & Sanctions Brief"). [D.I. 60].

17. On September 14, 2018, the Petitioners and their counsel filed an opposition to the Damages & Sanctions Brief (the "Damages & Sanctions Opposition"). [D.I. 65]. Also on September 14, 2018, the Receiver responded to (i) the Petitioners' argument that the Court should not extend the temporary bar against further involuntary filings, [D.I. 66], (ii) the Petitioners' argument that the Receiver is not entitled to recover fees, costs and damages, [D.I. 67], and (iii) the untimely and meritless arguments presented in the Motion to Vacate. [D.I. 68].

18. On October 17, 2018, with less than six weeks remaining before the November 28 hearing, the Receiver issued a deposition notice and a request for the production of documents on each of the Petitioners, their counsel and his law firm.

### III. DISCUSSION IN OPPOSITION

#### A. DISCOVERY SHOULD NOT BE STAYED AND THE NOVEMBER 28 HEARING SHOULD NOT BE POSTPONED

19. Two months ago, the Court scheduled an evidentiary hearing for November 28 to determine what fees, costs, damages and sanctions should be imposed upon the Petitioners and their counsel as a result of the Court's dismissal of the involuntary petition. *See supra* at ¶ 12. The only ground that the Petitioners and their counsel have raised to "postpone" or "stay" discovery is based upon the Court's anticipated ruling on whether a receiver may recover fees, costs and damages pursuant to section 303(i) of the Bankruptcy Code. *See* Motion at 2, 4–11.

20. For several reasons, the Court's anticipated ruling does not warrant either a stay of discovery or postponing the November 28 hearing.

21. First, the Receiver already has cited legal authorities demonstrating that a state court receiver may recover fees, costs and damages pursuant to section 303(i) of the Bankruptcy Code. *See, e.g.,* Damages & Sanctions Brief at ¶¶ 31–37.

22. Second, the Court requested additional briefing on this issue because, at the August 21 trial, the Petitioners' counsel cited *In re Starlite Houseboats, Inc.*, 470 B.R. 191 (Bankr. D. Kan. 2010) for the proposition that a state court receiver may not recover fees, costs and damages, *see, e.g.,* 08/21/18 Tr. at 52:21, but the court in *Starlite* expressly held "[t]he Court 'may' grant judgment against the petitioners **in favor of the Receiver for Starlite for attorney fees and expenses**" pursuant to section 303(i)(1). *See Starlite*, 470 B.R. at 193 (emphasis added).

23. Third, because the Petitioners have been forced to retreat from *Starlite*, they have fallen back on a "plain language" argument that a state court receiver may not recover "fees" and "costs" pursuant to section 303(i)(1)—which is identical to their argument (that this Court

7

already has rejected) regarding a state court receiver's standing to move dismiss an involuntary petition pursuant to the plain language of section 303(d).  *See supra* at ¶ 11.

24.     Fourth, and significantly, even if the Court ruled that a state court receiver cannot recover "fees" and "costs" pursuant to section 303(i)(1), that determination would not impact the Receiver's ability to recover damages pursuant to section 303(i)(2) and sanctions pursuant to Bankruptcy Rule 9011.  In other words, the Petitioners have not advanced any argument that would eliminate the issues of "bad faith," "actual damages," and "punitive damages" or "sanctions" from the November 28 hearing—and these are the *only* topics and subjects at issue in the Receiver's discovery requests, which the Petitioners and their counsel are asking the Court to "postpone" or "stay."

25.     Fifth, the November 28 hearing has been scheduled for over two months and should not be "postponed," especially because the ruling that the Petitioners' are awaiting from the Court will not limit the scope of the November 28 hearing for the reasons discussed immediately above.  Moreover, requesting a "postponement" to delay a hearing is consistent with the Petitioners' playbook in this case; at every turn, the Petitioners have attempted to protract their litigation against Fort Howard and the Receiver.  *See, e.g.,* 07/16/18 Hr. Tr. at 18:9–18:10 (the Petitioners' counsel "recommend[ing] … that we **postpone** Wednesday's [trial]") (emphasis added); Damages & Sanction Brief at ¶ 96 (describing numerous other examples of the Petitioners' efforts to delay and protract this litigation).

### B.     THE RECEIVER'S DISCOVERY REQUESTS ARE ALREADY LIMITED

26.     To prepare for the November 28 hearing, the Receiver noticed a deposition of each of the Petitioners and their counsel.  As indicated by the deposition notices themselves, the Receiver does not anticipate that any deposition will exceed two hours.

27. The Receiver also requested a narrowly-tailored production of documents from each of the Petitioners and their counsel. The production requests are broken down into three general categories: (i) documents that bear upon the "inability to pay" defense with respect to the Receiver's requests for "punitive damages" and "sanctions," such as financial statements, tax returns, and "documents *sufficient to show* … current assets and liabilities," (ii) documents that the Petitioners and their counsel intend to rely upon at the November 28 hearing and have relied upon in their Damages & Sanctions Opposition, and (iii) written communications exchanged among the Petitioners and/or Mr. Williams.

28. Each of the Petitioners' three primary arguments for avoiding discovery in advance of the November 28 hearing should be rejected, as explained immediately below.

### 1. The Nature of the Discovery Sought Is Related to the Nature of the November 28 Hearing on "Bad Faith," "Damages" and "Sanctions"

29. The Petitioners and their counsel assert that the "financial" records sought by the Receiver are "broad" and "vexatious" and "intended to harass, annoy, embarrass[ or] oppress" them. *See* Motion at 2, 15–16.[1] To the contrary, given the nature of the hearing before the Court—which will involve (at the Court's direction) the issues of "bad faith," "damages" and "sanctions," *see supra* at ¶ 12—the Receiver's already-limited requests for financial records are necessary and appropriate. The Receiver did not seek discovery of financial records from the Petitioners (or their counsel) in advance of the August 21 trial because such documents were irrelevant to the issues before the Court on August 21. Now, however, these documents are pertinent to "any inability to pay argument" that the Petitioners and their counsel may advance at

---

[1] There is nothing vexatious or oppressive about the other two requested categories of documents, which are standard production requests in advance of a contested hearing.

the November 28 hearing to defend against the imposition of punitive damages and sanctions. Indeed, the Petitioners and their counsel *expressly acknowledge* the relevancy of these documents in their Motion, but assert (incorrectly) that "no party has advanced any inability to pay argument …." *See* Motion at 16.[2] They also suggest that the Court should conduct a two-stage hearing and schedule a second hearing to address their "inability to pay" defense if "the Court would actually indicate an intent to impose sanctions" at the November 28 hearing. *See id.*

30. The Court made clear at the August 21 trial that the Court would hear all remaining claims, issues, arguments and defenses at the November 28 hearing. Thus, the Petitioners' and their counsel's suggestion that the November 28 hearing should be the first of two hearings on the subjects of punitive damages and sanctions is simply a further effort to protract and delay. *See supra* at ¶ 25. However, if the Petitioners and their counsel stipulate that they will not assert "any inability to pay" defense, the Receiver will withdraw its requests for production of financial records because those documents will no longer be necessary for the Receiver to evaluate any such defense.[3]

---

[2] In their Damages & Sanctions Opposition, the Petitioners and their counsel have not expressly asserted an "inability to pay argument," although they have asserted that they will suffer significantly if the Court awarded the fees, costs and damages that the Receiver has requested. *See* Damages & Sanctions Opposition at 11.

[3] Similarly, the Petitioners have requested that the Court "establish a scheduling order" in advance of the November 28 hearing—another attempt to protract these proceedings. *See* Motion at 16. Further delay will only increase the Receiver's final request for fees and costs at the November 28 hearing. *See, e.g., S. Cal. Sunbelt*, 608 F.3d 456, 463 (9th Cir. 2016) (stating that fees and costs incurred in seeking fees, costs and damages pursuant to section 303(i) of the Bankruptcy Code "are plainly recoverable").

### 2. The Receiver Is Not Seeking Privileged Information

31. The Petitioners and their counsel assert that the Receiver cannot seek to elicit privileged information from the Petitioners and their counsel at the depositions. *See* Motion at 16. The Receiver is not seeking to elicit privileged information.[4]

### 3. The Receiver Has Not Previously Deposed the Petitioners with Respect to the Contested Matter Before the Court

32. The Petitioners and their counsel assert that "Trinity, Woody and Yeargin have already been deposed in this case and therefore the Receiver must obtain leave of court to take their deposition under Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure, incorporated into *this Contested Matter* by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, if the parties do not stipulate to these depositions, which they do not." *See* Motion at 2 (emphasis added).

33. Contested matters are initiated by filing a motion. *See* FED. R. BANKR. P. 9014(a). There have been two preeminent contested matters in this case: (i) the Receiver's motion to dismiss the Involuntary Petition, which the Court heard at the August 21, 2018 trial; and (ii) the Receiver's post-trial motions for fees, costs, damages and sanctions, which the Court will hear on November 28, 2018. "This contested matter" concerns the Receiver's post-trial requests for relief concerning issues such as "damages" and "sanctions," which were neither before the Court

---

[4] The Petitioners' counsel also makes a passing remark that the Receiver's request "for copies of [his] insurance policies is without any basis." *See* Motion at 16. As noted above, the Petitioners and their counsel have asserted that they will suffer significantly if the Court awards the Receiver's requested fees, costs and damages. However, the Petitioners' counsel has notified his insurance carrier about the Receiver's claims and, therefore, the Receiver's request is absolutely appropriate. *But c.f.* FED. R. CIV. P. 26(a)(1)(A)(iv) (providing that a party must provide in its initial disclosures "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action").

at the August 21 trial nor relevant to the Receiver's <u>pre</u>-trial depositions of the Petitioners. Thus, the Petitioners' reliance upon Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure is misplaced.

       **C.**     **THE PETITIONERS' ATTACKS ON THE RECEIVER AND ITS COUNSEL ARE IRRELEVANT TO THE RECEIVER'S DISCOVERY REQUESTS**

34. At the August 21 trial, after dismissing the Involuntary Petition, the Court determined that "[t]here's … an issue of bad faith, and … what the sanction should be." *See* 08/21/18 Tr. at 51:3–4. The hearing on November 28 is about whether the Petitioners and their counsel filed and litigated the Involuntary Petition in bad faith, and whether the Petitioners and their counsel should be ordered to pay fees, costs, damages and sanctions. The November 28 hearing is not about the Receiver or its counsel.

35. In the Motion, the Petitioners and their counsel devote multiple pages of text arguing that the Receiver "has unclean hands" and "has acted lawlessly in this case …." *See* Motion at 11–15. They also list eleven examples of the purported "utter lawlessness exhibited by the Receiver and its counsel." *See* Motion at 11–14. The Receiver will not respond to these baseless attacks, which are irrelevant to the Receiver's discovery requests. Suffice it to say that the Receiver's responses to the Petitioners' conduct in this case **and their <u>twenty (20)</u> filings (over a two month period before this Court and the Circuit Court for Baltimore County)** were measured and appropriate, and there would be no hearing on November 28 if the Petitioners and their counsel had heeded the Receiver's recommendation on June 15 to withdraw the Involuntary Petition.

WHEREFORE, the Receiver respectfully requests that the Court deny the Motion and grant the Receiver any additional relief that is just and necessary under the circumstances.

Dated:  October 24, 2018						WHITEFORD TAYLOR & PRESTON LLP

/s/ Todd M. Brooks
John F. Carlton (Bar No. 06591)
Todd M. Brooks (Bar No. 28515)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Telephone:	(410) 347-9421
E-mail:		jcarlton@wtplaw.com
		tbrooks@wtplaw.com

*Bankruptcy Counsel for Gray and Associates, LLC, the Receiver for Ft. Howard Development, LLC*

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of October 2018, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing response will be served electronically by the Court's CM/ECF system on the following:

| Ronald J. Drescher, Esq.: | United States Trustee: |
|---|---|
| ecfdrescherlaw@gmail.com | Jeanne.M.Crouse@usdoj.gov |
| ecf1drescherlaw@gmail.com | USTPRegion04.GB.ECF@USDOJ.GOV |
| ecf2drescherlaw@gmail.com | |
| ecf@drescherlaw.com | |
| myecfdrescher@gmail.com | |
| notices@nextchapterbk.com | |

*Counsel for Petitioners*

I HEREBY CERTIFY FURTHER that on this 24th day of October 2018, a copy of the foregoing response was also served by first-class mail, postage prepaid, on:

| Carl S. Williams | Carl S. Williams | Carl S. Williams |
|---|---|---|
| 8700 Jericho City Drive | 9701 Apollo Drive, Suite 201 | 2724 Woodlake Road |
| Landover, Maryland 20785 | Largo, Maryland 20774 | Bowie, Maryland 20721 |

| D. Gregory Hollis | D. Gregory Hollis |
|---|---|
| 14112 Jones Bridge Rd. | 810 Bleak Hill Place |
| Upper Marlboro, Maryland 20774 | Upper Marlboro, Maryland 20774 |

/s/ Todd M. Brooks
Todd M. Brooks

10015343

13